Richard Allen Beasley, Petitioner-Appellant, *v.* Edward Hanrahan, State's Attorney of Cook County, *et al.*, Respondents-Appellees.

(No. 58525;

First District (4th Division)—April 9, 1975.

James J. Doherty, Public Defender, of Chicago (Ian Levin, Assistant Public Defender, of counsel), for appellant.

William J. Scott, Attorney General, of Chicago (James B. Zagel, Assistant Attorney General, of counsel), for appellees.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

The petitioner, Richard Beasley, was extradited from New York, where he was serving a 15-year sentence for forgery, tried in the Circuit Court of Cook County on three charges of armed robbery, and was sentenced to three concurrent terms of 8 to 12 years. The Illinois trial judge specifically ordered that those terms were to be served concurrently with the sentence previously imposed by the New York court, but the Illinois Department of Corrections refused to give the petitioner credit for the time he has spent in prison in New York.

Beasley filed a petition for a writ of mandamus or post-conviction relief in the Circuit Court of Cook County, in which he alleged that the Illinois Department of Corrections had failed to credit his Illinois sentence with

the time he has served in the New York penal system. The mandamus portion of the petition asked that the Illinois Department of Corrections be ordered to allow the Illinois sentence to run concurrently with the New York sentence as ordered by the Illinois trial judge. That portion of the petition was denied, and the petitioner appeals from that judgment.

The issue for review is whether an administrative officer may refuse to obey a court order he believes to be invalid.

The petitioner was sentenced to an indeterminate term of not to exceed 15 years in the State of New York on November 26, 1968. On March 13, 1969, he pleaded guilty to armed robbery in Cook County and was sentenced to three concurrent 8- to 12-year terms. Subsequently, he was returned to New York, where he is currently incarcerated.

Beasley relies on the case of *People v. Farley* (1971), 132 Ill.App.2d 663. In that case the defendant was sentenced to concurrent terms of 20 to 45 years and 15 to 20 years in Illinois. These terms were to be imposed consecutively with a 3- to 5-year Michigan sentence. On appeal the court invoked Supreme Court Rule 615(b) (Ill. Rev. Stat. 1967, ch. 110A, par. 615(b)) and held that the ends of justice would best be served if the sentences imposed were to run concurrently.

The respondents dismiss the *Farley* case because the issue of concurrent sentences was not discussed in the opinion. They contend that Illinois sentencing statutes do not empower a court to order an Illinois sentence to run concurrently with a sentence imposed by another State. Sections 1—7(m) and 1—7(n) of the Illinois Criminal Code (Ill. Rev. Stat. 1971, ch. 38, pars. 1—7(m), 1—7(n)) provide:

"(m) Consecutive and Concurrent Sentences:

When a person shall have been convicted of 2 or more offenses which did not result from the same conduct, either before or after sentence has been pronounced upon him for either, the court in its discretion may order that the term of imprisonment upon any one of the convictions may commence at the expiration of the term of imprisonment upon any other of the offenses.

(n) Sentences Concurrent to a Previous Federal Sentence:

If at the time of a sentence imposing punishment of imprisonment by a court of this State, the defendant being sentenced is in federal custody serving a previous and unexpired sentence of imprisonment imposed by any district court of the United States, and during such federal custody the defendant has been produced before the court of this State, the court may in its discretion order that its sentence of imprisonment shall be served concurrently with such previous and unexpired federal sentence."

The respondents' position is that section 1—7(n) allows Illinois sen-

510

tences to run concurrently only with unexpired Federal sentences because there is no explicit exception allowing for Illinois sentences to run concurrently with sentences imposed by other states. They argue that had the Illinois legislature intended Illinois courts to impose such concurrent sentences, it would have added a provision similar to section 1—7(n) or included such power within section 1—7(m). Since it did not, they contend the principle that the enumeration of certain things in a statute implies the exclusion of others must prevail. In the case of *People v. Hahn* (1969), 114 Ill.App.2d 262, relied on by the respondents, a defendant requested the trial court order his Illinois sentence to run concurrently with a previously imposed Wisconsin sentence, and the appellate court stated:

> "After the attempted imposition of sentence to be concurrent with the Wisconsin sentence, counsel for the People correctly advised the court that there was no statutory authorization specifically permitting of an Illinois sentence to be concurrent with a Wisconsin sentence. Section 119—2(e) of Chapter 38 Ill. Rev. Stats. 1967, does provide that a State prisoner could serve time concurrently with a federal sentence in a federal institution. There is no reference to institutions of other states." (114 Ill.App.2d 262, 265.)

The respondents therefore conclude that the Department of Corrections had the right to refuse to honor the order of the court which provided for the sentences to be served concurrently with one imposed by New York.

The petitioner argues that a law which allows concurrent sentences for Federal crimes and not for other State crimes is unconstitutional in violation of the equal protection clause. He states that "no compelling state interest, or any other legitimate state interest, can be discerned for a potential distinction between federal and 'other state' prisoners." The two classes of prisoners are identically situated, and any attempt at classification based strictly on the accident of location of confinement would be arbitrary, discriminatory, and without rational basis.

■■■ However, the arguments of both the petitioner and the respondents miss the crucial issue, which is whether an administrative officer can be allowed to sit in judgment of a court order. The validity of the action of the court in ordering concurrent sentences with another State is not before us. All orders are presumed valid and will stand until corrected on review or set aside by some form of authorized and permissible direct attack. (*United States v. Bishopp* (2nd Cir. 1961), 286 F.2d 320, cert. denied 366 U.S. 963; *Fauntleroy v. Lum* (1908), 210 U.S. 230; *Ex parte Roe* (1914), 234 U.S. 70.) We hold that an administrative officer may not

take it upon himself to decide which orders are valid and which are not; therefore, the writ of mandamus should have been issued.

For these reasons, the judgment of the Circuit Court of Cook County is reversed, and the Circuit Court is directed to issue the writ of mandamus.

Reversed and remanded with directions.

BURMAN and JOHNSON, JJ., concur.