CHESTER BROWNING, Plaintiff-Appellant, v. JACKSON PARK HOSPITAL et al., Defendants (Somtawin Padungjit et al., Defendants-Appellees).

First District (3rd Division)   Nos. 86—0428, 86—2054 cons.

Opinion filed November 18, 1987.

Joseph Michael O'Callaghan, of Chicago, for appellant.

Wildman, Harrold, Allen & Dixon, of Chicago (Lawrence Helms, of counsel), for appellee Harry H. Farber, M.D.

Lurie, Sklar & Simon, Ltd., of Chicago (Miles J. Zaremski and Elaine F. Rappaport, of counsel), for appellee Paul Cavitt, M.D.

Tribler & Marwedel, P.C., of Chicago (Mitchell A. Orpett and Dion J. Sartorio, of counsel), for appellee Somtawin Padungjit, CRNA.

JUSTICE WHITE delivered the opinion of the court:

In this case, we confront questions regarding proper procedure under section 2—402 of the Code of Civil Procedure (hereinafter the Respondent in Discovery statute) (Ill. Rev. Stat. 1985, ch. 110, par. 2—402). Plaintiff Chester Browning sued Jackson Park Hospital and others for injuries he sustained while he was in their care. Plaintiff also named Dr. H. Farber, Dr. Paul Cavitt, and Somtawin Padungjit, CRNA, as respondents in discovery. Plaintiff subsequently moved for permission to add all three respondents in discovery as defendants. The trial court granted the motion. Farber, Cavitt and Padungjit later moved for dismissal on the grounds that plaintiff had failed to present any evidence in support of his motion to name them as defendants. The trial court granted their motions, dismissing them from the action. Plaintiff appeals.

Plaintiff went to the emergency room of Jackson Park Hospital in February 1983, complaining that he was having difficulty urinating. He underwent three separate operations over the following weeks. Plaintiff alleges that by April 1983, as a result of these operations, he became paraplegic, with sexual dysfunction, and with no control of bowel and bladder functions.

In February 1985, plaintiff filed his complaint, naming the hospital, the surgeons and medical technicians as defendants. He named as respondents in discovery the anesthesiologist, Dr. Farber, the nurse who administered the anesthetic for one operation, Ms. Padungjit, and one consulting physician, Dr. Cavitt. Plaintiff moved to name Farber, Padungjit and Cavitt as defendants in August 1985, before appearances of attorneys had been filed for any of those three respondents in discovery. Plaintiff's attorney placed the motion on the routine motion call and sent notice of motion to the defendants who had filed appearances. However, plaintiff did not serve notice on any of the respondents in discovery. An attorney for one of the defendants upon whom plaintiff had served notice subsequently entered an appearance as counsel for Padungjit. Plaintiff did not attach to his motion any affidavits, responses to interrogatories, or any other documents relating to evidence. He admits that he presented no evidence when the court heard his motion. Judge Alan Morrill granted the motion, allowing plaintiff to amend his complaint, adding Farber, Padungjit and Cavitt as defendants.

In October 1985, Farber filed a motion to dismiss, arguing that he was never properly made a defendant under the terms of the Respondent in Discovery statute. Judge Morrill granted Farber's motion and plaintiff appeals from that order in docket No. 86—0428.

In December 1985, Padungjit moved to dismiss under section 2—619(5) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—619(5)), raising contentions substantially the same as those raised by Farber. Judge William Kelly suspended the order which allowed plaintiff to add Padungjit as a defendant, and he continued the matter in order to allow plaintiff to present evidence in support of his motion to add Padungjit as a defendant. Padungjit subsequently moved for reconsideration of this order. Cavitt moved for summary judgment, again relying on the ground Farber presented. In June 1986, Judge Morrill granted Cavitt's motion for summary judgment and on reconsideration he granted Padungjit's motion to dismiss. Plaintiff appeals from the order dismissing Padungjit and Cavitt in docket No. 86—2054. Docket Nos. 86—0428 and 86—2054 were consolidated on appeal.

■ Plaintiff contends that the defendants' motions should have been denied because he moved to add them as defendants within the time allowed under the medical malpractice statute of limitations, section 13—212 of the Code of Civil Procedure. (Ill. Rev. Stat. 1985, ch. 110, par. 13—212.) That section provides that all complaints for medical malpractice must be filed within four years of the acts causing injury, but it also provides that complaints must be filed within "2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known *** of the existence of the injury." From the facts stated in plaintiff's complaint it is apparent that the injury involved was a "traumatic injury" (*Pszenny v. General Electric Co.* (1985), 132 Ill. App. 3d 964, 966-67, 478 N.E.2d 485) for which plaintiff must have known both that he was injured and that the injury was wrongfully caused by April 1983 (*Urchel v. Holy Cross Hospital* (1980), 82 Ill. App. 3d 1050, 1052-53, 403 N.E.2d 545). He moved to add Farber, Padungjit and Cavitt as defendants in August 1985, well beyond the two-year limitations period. Therefore, if plaintiff had any right to name these persons as defendants, that right must be a consequence of their original status as respondents in discovery. *Cf. Flores v. St. Mary of Nazareth Hospital* (1986), 149 Ill. App. 3d 371, 376, 502 N.E.2d 1.

■ ■ Plaintiff argues that his motion met the requirements for converting respondents in discovery to defendants, as stated in the Respondent in Discovery statute. The statute provides that respondents "may, on motion of the plaintiff, be added as defendants if the evidence discloses the existence of probable cause for such action." (Ill. Rev. Stat. 1985, ch. 110, par. 2—402.) Illinois courts have interpreted this section to mean that plaintiffs must present evidence to

the court in support of their motions to convert respondents to defendant. (*Ingle v. Hospital Sisters Health System* (1986), 141 Ill. App. 3d 1057, 1062, 491 N.E.2d 139.) Plaintiff has not brought to our attention any evidence which he had submitted to the court which would have provided a basis for granting his motion to add respondents as defendants. He has relied on the allegations of his unverified complaint and his unverified amended complaint, which do not constitute evidence. Although all trial court orders are presumed valid (*Beasley v. Hanrahan* (1975), 29 Ill. App. 3d 508, 510, 331 N.E.2d 138), that presumption is overcome in the instant case by the trial court's later decision to dismiss these defendants on the grounds that no evidence disclosing the existence of probable cause had been presented when it entered the order allowing plaintiff to convert respondents to defendants.

■ Plaintiff next contends that Farber, Padungjit and Cavitt all waived their right to object to the lack of such evidence because none of them objected when the motion to add them as defendants was heard. However, it appears that plaintiff did not serve notice on any of the respondents prior to hearing on the motion. Respondents could not waive their objections to the motion without notice of the motion. (*Lapidot v. Memorial Medical Center* (1986), 144 Ill. App. 3d 141, 151, 494 N.E.2d 838.) The fact that the law firm which later appeared as lawyers for Padungjit had received notice of the motion cannot establish that she received notice. Plaintiff contends that respondents waived any objection to lack of notice because none of the respondents had filed appearances within six months of the date on which they were named as respondents. Respondents in discovery are required only to respond to requests for discovery; the statute does not require them to file appearances or answer in any other manner before plaintiff has initiated discovery. (Ill. Rev. Stat. 1985, ch. 110, par. 2—402.) Plaintiff admits that he had not filed any requests for discovery from the respondents in discovery as of the date on which he moved to add them as defendants. Their failure to file appearances is legally irrelevant. Since they received no notice of the motion to add them as defendants, we cannot construe their failure to object to the lack of evidence as a waiver of their right to raise such an objection.

Judge Kelly ordered a hearing at which plaintiff was to present evidence in support of his motion to add Padungjit as a defendant. Padungjit asked Judge Morrill to vacate this order and dismiss her from the case without any hearing on the evidence. Plaintiff now contends, without citation of authority, that by making this request Padungjit waived her right to a hearing on the evidence. We disagree.

We do not interpret unsuccessful assertion of a statute of limitations defense as a waiver of the right to trial. (See, *e.g., Pszenny*, 132 Ill. App. 3d at 968). Similarly, we will not construe Padungjit's argument that it was too late to present evidence on a motion under the Respondent in Discovery statute as a waiver of her right to have the evidence presented.

Finally, plaintiff contends that if the respondents were not properly added as defendants, the proper remedy was to hold a hearing at which plaintiff must present evidence in support of his motion to convert respondents to defendants, as Judge Kelly ordered. Defendants maintain that dismissal was the appropriate remedy for plaintiff's failure to follow proper procedures within six months of naming them as respondents in discovery.

Plaintiff placed his motion to add Farber, Padungjit and Cavitt as defendants on the routine motion call. According to the Rules of Procedure in Motion Court in effect at the time of the motion, routine motions were to be accompanied by draft orders which would be "entered as a matter of routine *without hearing* unless any one of the parties objects." (Emphasis added.) (Rules of Procedure in Motion Court, par. 4.1. (1985).) As we observed above, respondents in discovery received no notice of the motion, and therefore they did not object. The original defendants, who received notice of the motion, had no reason to object since their rights would not be adversely affected by the addition of respondents as defendants.

Defendant contends that the motion was properly placed on the routine motion call because it was a motion to add new defendants. According to the "List of Routine Motions" in the Rules of Procedure in Motion Court, motions to add new defendants are routine motions. (Rules of Procedure in Motion Court par. 4.1.E, (1985).) If plaintiff had filed his motion to add Farber, Padungjit and Cavitt as defendants before the expiration of the two-year statute of limitations period (Ill. Rev. Stat. 1985, ch. 110, par. 13—212), he would have had the right to file his motion as a routine motion. However, plaintiff filed after that statute of limitations period had expired, and therefore he needed to rely on the Respondent in Discovery statute to preserve his right to add respondents as defendants. The statute clearly establishes that motions to convert respondents to defendants must be supported by evidence. (Ill. Rev. Stat. 1985, ch. 110, par. 2—402; *Ingle*, 141 Ill. App. 3d at 1062.) Since the court will not hear evidence on a routine motion, motions to convert respondents to defendants cannot properly be filed as routine motions. Plaintiff had the opportunity for the court to hear evidence in support of his motion, since he could

have placed his motion on the regular motion call. We will not grant him a belated second opportunity to present evidence in support of his motion.

■ We believe that our decision will not adversely affect use of the Respondent in Discovery statute. The statute allows plaintiffs time beyond the expiration of the medical malpractice statute of limitations to gather information from and concerning respondents in discovery, and it allows plaintiffs to convert respondents to defendants as long as the evidence from all sources shows adequate grounds for the conversion. (*Torley v. Foster G. McGaw Hospital* (1983), 116 Ill. App. 3d 19, 22, 452 N.E.2d 7.) We hold that plaintiffs must request probable cause hearings on their motions to convert respondents to defendants in order to show that they have the evidence required by the statute. In the case at bar plaintiff made no such showing and he specifically asked the court *not* to hold a hearing on the motion to add respondents as defendants by filing it as a routine motion. Since plaintiff made no attempt to present the evidence needed to support his motion to add Farber, Padungjit and Cavitt as defendants within six months of naming them as respondents in discovery, we affirm the trial court's decision to dismiss the complaint as to these defendants.

Affirmed.

McNAMARA, P.J., and FREEMAN, J., concur.