EDWIN C. FROEHLICH, Ex'r of the Estate of Paul Edwards, Plaintiff-Appellant, v. JOSEPH C.M. SHEEHAN *et al.*, Defendants-Appellees (William Reed, Defendant).

First District (2nd Division)   Nos. 1—91—1751, 1—91—3202 cons.

Opinion filed December 8, 1992.—Rehearing denied February 4, 1993.

94

Robert A. Clifford & Associates, of Chicago (Robert A. Clifford, Richard F. Burke, and Robert P. Sheridan, of counsel), for appellant.

Clausen, Miller, Gorman, Caffrey & Witous, P.C., of Chicago (James T. Ferrini, Kevin J. Glenn, and Edward M. Kay, of counsel), for appellees.

JUSTICE DiVITO delivered the opinion of the court:

Plaintiff Edwin C. Froehlich filed a claim on behalf of the estate of Paul Edwards. As respondents in discovery, pursuant to section 2—402 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—402), he named Joseph C.M. Sheehan; Joseph C.M. Sheehan, M.D., S.C., Sheehan's service corporation (collectively, the Sheehan defendants); and a third person. Plaintiff timely moved for leave to file an amended complaint to convert all the respondents in discovery into defendants. The court granted the motion, which had been placed on the routine motion call. Shortly thereafter, Sheehan moved to vacate the order as to him due to plaintiff's noncompliance with the evidentiary requirements of section 2—402, and the corporation later moved to vacate the order as to it. The court granted the motions, and plaintiff appeals both vacatur orders. This court consolidated the appeals and, for the reasons that follow, we affirm.

Paul Edwards died on March 13, 1988. Almost two years later, plaintiff, Edwards' executor, filed this medical malpractice action against William Reed in which he named the Sheehan defendants and another doctor, J. Theodore King, as respondents in discovery under section 2—402.[1] The Sheehan defendants filed a special appearance. Dis-

---

[1]The statute states in part as follows:

"Respondents in discovery. The plaintiff in any civil action may designate as respondents in discovery in his or her pleading those individuals or other entities, other than the named defendants, believed by the plaintiff to have information essential to the determination of who should properly be named as additional defendants in the action.

Persons or entities so named as respondents in discovery *** may, on motion of the plaintiff, be added as defendants if the evidence discloses the existence of probable cause for such action.

\* \* \*

A person or entity named as a respondent in discovery in any civil action may be made a defendant in the same action at any time within 6 months after being named as a respondent in discovery, even though the time during which an action may otherwise be initiated against him or her may have expired during such 6 month period." Ill. Rev. Stat. 1989, ch. 110, par. 2—402.

covery ensued. What discovery requests exist in the record were addressed only to Reed.

Almost six months after filing his initial complaint, plaintiff moved for leave to file an amended complaint, with timely notice to the Sheehan defendants. In the amended version of the complaint, he named the respondents in discovery as defendants. Plaintiff did not indicate on either the notice of motion or the motion itself the purpose of the amendment. Too, although the amended complaint was filed with the motion after the routine motion call, it is unclear from the record if the amended complaint was appended to the notice of motion or presented to the court. Plaintiff placed the motion on the routine motion call, and the circuit court granted the motion without a hearing. The Sheehan defendants made no contemporaneous challenge to plaintiff's motion.

Within 30 days of the order, however, Sheehan moved to vacate it, arguing that plaintiff had disclosed no evidence of probable cause for converting him from a respondent in discovery into a defendant, as section 2—402 requires.[2] Ignoring two briefing schedules, plaintiff filed no brief opposing vacatur of the order until one day prior to the hearing on Sheehan's motion. To that brief, plaintiff attached an undated, unsigned, and unverified letter, purportedly from a physician, which he had filed without leave of court the day before his brief was filed. In it, an unnamed internist states his or her opinion that Reed and the Sheehan defendants were negligent in their treatment of Edwards, giving facts in support of that conclusion. Plaintiff urged the court to deny Sheehan's motion, claiming that this letter disclosed probable cause for adding the Sheehan defendants as party defendants, thereby satisfying the evidentiary requirements of section 2—402.

After a hearing on Sheehan's motion, the circuit court granted the motion and dismissed the complaint as to him in an unsigned two-page opinion, ruling that *Browning v. Jackson Park Hospital* (1987), 163 Ill. App. 3d 543, 516 N.E.2d 797, controlled.[3] At plaintiff's request, the court entered a written order stating that there was no just cause to delay enforcement or appeal under Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)). Plaintiff appealed (No. 1—91—1751). Over three months later, the Sheehan defendants moved to amend the order *nunc pro tunc*

---

[2]King had filed a similar motion. Plaintiff later moved to voluntarily dismiss him as a defendant, which the court allowed.

[3]Although the order nominally dismisses King, the parties agree that the court intended to vacate the order as to Sheehan, given that the opinion is dated after King had been dismissed voluntarily.

to the date of the earlier order to include the corporation. The court granted the motion and dismissed both Sheehan defendants,[4] again including language from Rule 304(a). Plaintiff again appealed (No. 1—91—3202).

## I

Plaintiff contends, as he did before the circuit court, that the Sheehan defendants waived their right to a probable cause hearing by not challenging his motion contemporaneously. He likens their right to the hearing to a defendant's right to a jury trial, which may be waived, or the right to object to motions in civil matters, which must be raised at the proper time or will be considered waived. He claims that *Browning* does not establish a general rule that the waiver doctrine is inapplicable to section 2—402 motions but rather that the doctrine is inapplicable when a respondent in discovery has not received notice of the motion. Plaintiff also raises an estoppel argument, contending that the Sheehan defendants' delay in objecting deprived him of the opportunity to correct any deficiency in his motion within the six-month statutory period. He warns that affirmance will "invit[e] parties to absent themselves from proceedings and reserve their objections to a time most convenient to their cases, rather than being required to present them when an issue first arises."

The Sheehan defendants deny that they waived their right to object to the lack of supporting evidence, asserting that not only did they commit no decisive act that exhibited their intent to relinquish a known right, but also they promptly moved to vacate the order the circuit court erroneously entered. In addition, they claim that estoppel does not apply because there is no injustice in enforcing section 2—402's provisions, which were well established prior to plaintiff's motion, and because they committed no affirmative act that could have led plaintiff to believe he could ignore the statute's requirements.

Plaintiff rejoins that the circuit court abused its discretion in granting the Sheehan defendants' motion to vacate because the motion was unverified and did not explain why his own motion had not been challenged contemporaneously. He argues that motions to vacate are designed to permit a court to correct an error, and a court commits no error in granting a motion to which no objection is made.

---

[4]As plaintiff correctly notes, the court's earlier order dismissing Sheehan divested it of personal jurisdiction over Sheehan, but this error does not affect the validity of the earlier order as to Sheehan nor the validity of the second order as to the corporation.

■ We do not believe that the doctrines of waiver or estoppel apply in the circumstances here. Although we agree with plaintiff that the better practice is to challenge a motion when the circuit court is first asked to consider it, we cannot say that not doing so is tantamount to waiver, for Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)) provides that absent an express written finding in an interlocutory order such as this one that there is no just cause to delay enforcement or appeal, the order is subject to revision at any time prior to the disposition of a case. See also *Andreasen v. Suburban Bank* (1988), 173 Ill. App. 3d 333, 340, 527 N.E.2d 595, 601 ("While the courts do not condone negligence in answering pleadings in a timely manner, default [orders] are routinely vacated, particularly within term time, for the compelling reason that 'substantial justice' between the parties generally requires a hearing on the merits").

■ In addition, plaintiff's concern that the Sheehan defendants' delay prejudiced him by depriving him of the opportunity to present evidence in support of his motion is bottomed on a misunderstanding of the effect of the vacatur order. The timing of the Sheehan defendants' motions and the resulting orders did not preclude the court from considering plaintiff's motion on its merits. On the contrary, as *Clark v. Brokaw Hospital* (1984), 126 Ill. App. 3d 779, 467 N.E.2d 652, teaches, so long as plaintiff filed his section 2—402 motion within six months of first naming a respondent, the effect of the vacatur was to permit the court to rule on his motion as he presented it originally.

## II

Plaintiff cites *Clark* for the proposition that all a plaintiff must do to satisfy section 2—402 is to file a motion for leave to amend the original complaint within six months of first naming the respondents, so long as the motion indicates its purpose on its face or the amended complaint is presented or filed with the motion. In *Clark*, he explains, the court reversed an order dismissing the added defendants who had notice of the intent to join them as defendants but did not enter an objection. The Sheehan defendants distinguish *Clark* in that there the plaintiff initially did ask for a hearing, after which the court granted the motion.

We believe that plaintiff's selective reliance on *Clark* has misled him, for if he had included the next sentence in the passage he cites, he would have understood that compliance with the filing requirements alone will not justify the granting of a section 2—402 motion. In *Clark*, the plaintiff filed a similar motion within the six-month period. The respondents received notice, but they did not appear at the hearing. The court granted the plaintiff's motion, but it later vacated its order be-

cause the notices were untimely. When the plaintiff moved again for leave to file the amended complaint, the court denied the motion on the ground that the plaintiff had not acted within the statutory time period. The appellate court reversed and remanded for another hearing, stating:

"We hold, therefore, that a respondent in discovery may be made a defendant under section 2—402 pursuant to a motion by the plaintiff for leave to file an amended complaint where the motion is filed within six months after the respondent is first named in the complaint as a respondent in discovery *and* either (1) the motion indicates on its face that the purpose of the amendment is to add the respondent in discovery as a defendant or (2) the amended complaint naming the respondent as a defendant is presented or filed with the motion. The addition of the defendant as a party, of course, will only occur if the motion is allowed." (Emphasis in original.) *Clark*, 126 Ill. App. 3d at 783, 467 N.E.2d at 655.

■ In *Clark*, contrary to plaintiff's interpretation, the only issue the appellate court considered was the procedural steps a plaintiff must take before a court may consider a motion like this one; it did not address the substantive requirements a plaintiff must satisfy before leave will be granted. Moreover, unlike the motion in *Clark*, the motion here neither indicated its purpose on its face nor did it state that the proposed amendment was attached to the motion, and the date stamp on the motion and amended complaint in the record do not indicate that the amended complaint was attached to the motion when it was filed prior to the routine motion call. Even if plaintiff had complied with *Clark*, that decision leaves no doubt that these filing requirements are simply a procedural prerequisite a plaintiff must satisfy before a court may rule on the merits of such a motion. Allowing a plaintiff to add a respondent in discovery as a party defendant may occur only if the circuit court allows the motion, that is, if it makes an evidentiary determination that the evidence discloses probable cause for converting a respondent in discovery into a defendant.

### III

Plaintiff contends that section 2—402 does not expressly state that a hearing is necessary, that no court has imposed the requirement of a formal hearing when there is no controversy as to probable cause, and that the decisions requiring a hearing state it only as *dictum*. Even if a formal hearing were necessary, he continues, the physician's letter he presented at the vacatur hearing satisfies his evidentiary burden under section 2—402.

The Sheehan defendants contend that under *Browning v. Jackson Park Hospital* (1987), 163 Ill. App. 3d 543, 516 N.E.2d 797, a plaintiff has an affirmative duty to request a hearing at which to present the evidence the statute requires. Here, they claim, plaintiff deliberately circumvented the statutorily required hearing by placing his motion on the routine motion call, which by definition does not permit evidence to be considered. As a result, the circuit court was unjustified in allowing plaintiff to file the amended complaint in the first place, so its decision to vacate its order was correct. The Sheehan defendants also argue that under *Torley v. Foster G. McGaw Hospital* (1983), 116 Ill. App. 3d 19, 452 N.E.2d 7, a court must make a probable cause finding before deciding whether to add respondents in discovery as defendants. The sufficiency of proof necessary, the Sheehan defendants add, is a showing "such that 'a man of ordinary caution and prudence' would 'entertain an honest and strong suspicion' that the purported negligence of the respondent-in-discovery was a proximate cause of plaintiff's injury," citing *Ingle v. Hospital Sisters Health System* (1986), 141 Ill. App. 3d 1057, 1062, 491 N.E.2d 139, 143. They insist that plaintiff presented no such evidence to the court initially, which does not surprise them given that plaintiff undertook no discovery as to them during the almost six months prior to his motion. They also argue that the internist's letter does not satisfy section 2—402 because it was filed after the six-month time period had elapsed and, in any event, does not meet *Ingle*'s evidentiary standard.

In reply, plaintiff points out that the evidentiary burden need not be satisfied by formal discovery of respondents themselves, so the fact that he propounded no formal discovery against the Sheehan defendants is not dispositive. Plaintiff also claims that *Browning* required a hearing only because the respondents had neither appeared nor been served with the motion to join them as defendants. Moreover, he maintains, it would not have been "meaningfully different" if he had placed the motion on the regular motion call and the defendants had not objected because lack of objection to any motion tells a judge that the other parties "are satisfied with the justice of the motion."

Like the circuit court, we find *Browning* controlling. There, the plaintiff filed a complaint naming three people respondents in discovery. Within the six-month period, the plaintiff filed a motion like plaintiff's and, like plaintiff, placed it on the routine motion call. He did not serve the respondents with notice of the motion, he did not attach any evidence to the motion, and he did not present any evidence to the court when it ruled on his motion. Two months after the motion was granted, one of the respondents moved to dismiss for the plaintiff's failure to pro-

vide evidence of probable cause to name him as a defendant; the motion was granted. Later, another respondent filed a motion to dismiss under section 2—619(5) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—619(5)) on the same ground. The court "suspended" its order joining the second respondent and continued the matter to allow the plaintiff to produce evidence. The second respondent moved for reconsideration of this order, and the third respondent moved for summary judgment on the same ground. The circuit court granted the respondents' motions. The appellate court affirmed, noting that because the plaintiff tried to join the respondents in discovery as defendants after the limitations period had run, he could do so only under section 2—402. In the court's view, section 2—402 requires plaintiffs to present evidence to the court to justify granting leave to amend a complaint to convert respondents in discovery to defendants, and the plaintiff had not done so.

The *Browning* court separately addressed the plaintiff's contention that even if he had improperly placed his motion on the routine motion call, the proper remedy was to conduct a hearing on the merits of his motion to afford him an opportunity to present supporting evidence, not to dismiss the respondents from the case. The appellate court rejected his proposal, noting that routine motions are defined as those that may be entered without presentation of evidence at a hearing unless a party objects under the Rules of Procedure in Motion Court, par. 4.1 (1985). Thus, only if the plaintiff had attempted to join the respondents within the limitations period would a routine motion have been appropriate. Because section 2—402 requires that motions to convert respondents into defendants be supported by evidence, the appellate court held that section 2—402 motions "cannot properly be filed as routine motions" because courts do not consider evidence on routine motions. The court, moreover, decided not to remand the case for a hearing to present the requisite evidence because the plaintiff had chosen not to avail himself of his initial opportunity to place his motion on the regular motion call, where evidence could have been presented. The court concluded by stating that "[w]e hold that plaintiffs must request probable cause hearings on their motions to convert respondents to defendants in order to show that they have the evidence required by the statute." *Browning*, 163 Ill. App. 3d at 549, 516 N.E.2d at 801.

■ Given this explicit wording in *Browning*, we are mystified by plaintiff's insistence that courts have addressed the hearing requirement only as mere *dictum*. The statute permits respondents in discovery to be converted into defendants only "if the evidence discloses the existence of probable cause" for doing so. Thus, the plain meaning of the statute

is that a court cannot grant such a motion without making an evidentiary determination. Logically, then, a routine motion call is by its very nature not the proper venue for such motions because asking a court to rule on a motion as routine tells the court that it need not make any evidentiary determinations, a message that here was contrary to the statute's mandate. Perhaps equally important, the circuit courts rely on parties to place on the routine motion call only motions that perforce require no evidentiary determinations, so placing this motion on the routine motion call would have misled the court. Thus, we agree with *Browning*: plaintiffs *must* request probable cause hearings for section 2—402 motions.[5]

Moreover, under *Browning*, the remedy for placing the motion on the routine motion call is to consider the motion as it was originally presented, not to give a plaintiff the opportunity to augment his motion with additional supporting documentation. As the appellate court there ruled, "[when a] plaintiff made no [evidentiary] showing and he specifically asked the court *not* to hold a hearing on the motion to add respondents as defendants by filing it as a routine motion," affirmance of vacatur and consequent dismissal is proper. (Emphasis in original.) (*Browning*, 163 Ill. App. 3d at 549, 516 N.E.2d at 801.) The same is true here: plaintiff initially made no evidentiary showing and asked the court not to hold a hearing by filing his motion as routine. Furthermore, our holding would be no different if plaintiff had not placed his motion on the routine motion call because plaintiff's original motion here was accompanied by no evidence whatsoever. Indeed, the amended complaint was not even verified. Thus, granting plaintiff's motion was an error of law.

Even if this court were to diverge from *Browning* and allow plaintiff a second bite of the apple, we still would be compelled to hold that he failed as a matter of law to meet his evidentiary burden. As *Ingle* teaches, a circuit court may grant motions like this one only if a plaintiff presents evidence that would engender, in an ordinarily cautious and prudent person, an honest and strong suspicion that the respondent's alleged breach of the applicable standard of care was the factual and legal cause of the plaintiff's injury. Unlike the plaintiff in *Ingle*, however, plaintiff here presented no affidavits, no X rays, no reports by the re-

---

[5]Contrary to plaintiff's interpretation, this aspect of the *Browning* decision had nothing to do with lack of notice to the respondents. As noted above, this holding was in response to the plaintiff's contention that the appropriate remedy for his having mistakenly placed his motion on the routine motion call was not to dismiss but rather to conduct a hearing on his motion.

spondents, nor any evidence other than the internist's letter, which is unsworn, unsigned, and undated. Thus, the letter is not evidence, much less the type of evidence that would create in an ordinarily cautious and prudent person an honest and strong suspicion that the Sheehan defendants' negligence caused Edwards' injuries.

In sum, the circuit court's decision to grant the Sheehan defendants' motion was no abuse of discretion and therefore we see no reason to reverse it. (*Greer v. Yellow Cab Co.* (1991), 221 Ill. App. 3d 908, 915, 582 N.E.2d 1292, 1296.) The plain meaning of section 2—402 and its interpretation in the case law establish a simple regime for converting a respondent in discovery into a defendant, which plaintiff neglected to follow in virtually every respect. First, to be timely and have proper form, *Clark* teaches that a plaintiff's motion to amend a complaint to convert respondents in discovery into defendants must be filed within six months after naming a respondent in discovery, and the motion must indicate this purpose on its face or by the attachment of the amended complaint when the motion is filed or presented to the court. Next, as *Browning* holds, section 2—402 motions cannot properly be filed as routine motions, so a plaintiff must request a probable cause hearing because, as *Torley* explains, only a court may decide this evidentiary question. Unlike plaintiff, we do not find these minimal requirements "hoop-jumping" or empty formalism, particularly when section 2—402, in effect, affords a plaintiff a six-month extension of the statute of limitations and an opportunity unknown at common law: the right to unilateral discovery.

For the reasons stated above, we affirm the circuit court's orders vacating the order that granted plaintiff leave to file his amended complaint and dismissing the Sheehan defendants.

Affirmed.

HARTMAN, P.J., and SCARIANO, J., concur.