David MURPHY, etc., Plaintiff,

v.

SCHERING CORPORATION, Defendant.

No. 95 C 1283.

United States District Court,
N.D. Illinois,
Eastern Division.

March 3, 1995.

James P. Costello, Chicago, IL, for plaintiff.

### *MEMORANDUM OPINION AND ORDER*

SHADUR, Senior District Judge.

David Murphy ("David"), individually and as Special Administrator of the Estate of his late wife Patricia Murphy ("Patricia"), has filed a Complaint against Schering Corporation ("Schering"). David also purports to name Patricia's family doctor Steven Howell as a "respondent-in-discovery" under 735 ILCS 5/2–402. Based on its initial review of the Complaint,[1] this Court sua sponte orders David's counsel to cure some patent jurisdictional defects appearing on the face of the Complaint, failing which this Court would be constrained to dismiss this action for lack of subject matter jurisdiction.

David invokes federal jurisdiction on diversity-of-citizenship grounds under 28 U.S.C. § 1332.[2] There is clearly no problem as to the sufficiency of the claimed amount in controversy, so that this opinion will focus instead on its allegations as to the parties' citizenship:

1. Complaint ¶ 2 says in part:

> The plaintiff was a citizen of the State of Illinois and residing temporarily in Arizona at the time of the occurrence.

That allegation is somewhat ambiguous, for although David is literally the "plaintiff" Section 1332(c)(2) makes the state of citizenship of the now-deceased Patricia (and not that of David) the relevant fact for diversity purposes.

2. Complaint ¶ 2 goes on to describe Schering as "a citizen of the state of New Jersey, with its principle [sic] place of business in Kenilworth, New Jersey." Of course Section 1332(c)(1) automatically makes Schering a New Jersey citizen just because that is where its principal place of business is located—but the Complaint ¶ 2 allegation is silent as to Schering's state of incorporation (which is the other component of corporate dual citizenship under Section 1332(c)(1)).

Both of those problems appear to be the result of the pleader's inadvertent errors, and it certainly seems most likely that diversity can indeed be shown by more appropriate allegations. But subject matter jurisdiction must be a matter of certainty and not of

---

1. This Court always undertakes an immediate review of newly-filed complaints; see *Wisconsin Knife Works v. National Metal Crafters,* 781 F.2d 1280, 1282 (7th Cir.1986):

> The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged.

2. All further references to Title 28's provisions will simply take the form "Section—."

probabilities (however high), so that corrective measures are needed.

■ As for Dr. Howell's designation, *Erie v. Tompkins* principles teach that Illinois law provides the *substantive* rules of decision in this diversity action, but that does not extend to Illinois' *procedural* rules (see the seminal decision in *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965)). Thus 735 ILCS 5/2–402 (which is expressly made part of the Illinois Code of Civil *Procedure* ) simply does not operate as a basis for including Dr. Howell as a party litigant here. Joinder of parties defendant in this federal action is controlled instead by Fed.R.Civ.P. 19 and 20, and to this Court's knowledge those Rules do not contemplate the type of joinder that is specified by the Illinois provision.[3]

Accordingly Complaint ¶ 2 is stricken, without prejudice to the filing of an amended paragraph on or before March 13, 1995 to cure the jurisdictional defects identified here (see Section 1653). If no such curative allegation is supplied on or before that date, both the Complaint and this action will have to be dismissed for lack of subject matter jurisdiction. Complaint Count III is stricken as well, as is the designation of Dr. Howell as a party to this litigation.

---

**3.** Indeed, if (as would seem most likely) Dr. Howell shares the presumed Illinois citizenship of Patricia, his presence in the action could destroy federal jurisdiction altogether. In that respect David and his counsel ought to make certain that Dr. Howell is not a prospective target in this lawsuit in any event, for if he were the action would have to begin all over again in a state court of competent jurisdiction.