ROSALIE A. MEDJESKY, Plaintiff-Appellant, v. CHARLES COLE, Defendant-Appellee (Umthun Trucking Company, Defendant).

Fourth District   No. 4—95—0411

Argued October 11, 1995.—Opinion filed November 30, 1995.—Rehearing denied January 18, 1996.

John McMahon (argued), of Zimmerly, Gadau, Selin & Otto, of Champaign, for appellant.

Karen L. Kendall (argued), of Heyl, Royster, Voelker & Allen, of Peoria, and Edward M. Wagner, of Heyl, Royster, Voelker & Allen, of Urbana, for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:

Plaintiff Rosalie A. Medjesky appeals from the order of the circuit court of Champaign County dismissing her second-amended complaint against defendant Charles Cole. The issues are whether (1)

under section 2—402 of the Code of Civil Procedure (Code) (735 ILCS 5/2—402 (West 1992)) plaintiff must request an evidentiary hearing and present evidence in support of a motion to add a respondent in discovery as a named defendant; and (2) if no evidence is presented at the time of the original motion to add a respondent in discovery as a named defendant is granted, whether the trial court can consider the evidence in response to a motion to dismiss filed by defendant on the ground that section 2—402 of the Code was not complied with because of the failure of plaintiff to initially have an evidentiary hearing. We reverse and remand for further proceedings.

The original complaint was filed by plaintiff on December 8, 1993. It alleged plaintiff suffered injuries in a January 15, 1992, collision between plaintiff's automobile and one or more other motor vehicles. Named defendants were Wayne L. Coffey and Roadco Transportation Services, Inc. (Roadco). Several respondents in discovery were named, including Charles Cole. Notice of designation as a respondent in discovery was served on Cole on December 15, 1993. Subsequently, an amended complaint was filed removing some respondents in discovery and adding Umthun Trucking Company (Umthun) as a respondent in discovery. Cole remained a respondent in discovery in the amended complaint.

On May 6, 1994, plaintiff filed a motion for leave to file a second-amended complaint. In the motion, plaintiff stated she no longer believed that Coffey and Roadco were proper defendants, but that Cole and Umthun were proper defendants. She also sought to dismiss the other respondents in discovery not involved in this appeal. Attached to the motion was an unverified second-amended complaint naming Cole and Umthun as the only defendants in this negligence action. Certificates of service indicated that the motion and the notice of hearing for the motion were sent only to the attorney who had appeared for Coffey and Roadco. Nevertheless, on June 1, 1994, plaintiff's motion for leave to file the second-amended complaint was "granted without objection" by Judge Miller, and the second-amended complaint was filed, with 30 days given to respond. The record on appeal contains only a docket entry describing what occurred at the time plaintiff presented his motion to file the second-amended complaint.

On July 1, 1994, Cole and Umthun filed motions to dismiss. Since Umthun is not a party to this appeal, Cole will hereinafter be referred to as defendant.

Defendant's original motion was made pursuant to section 2—615 of the Code based on the misjoinder of Cole as a defendant (735 ILCS 5/2—615 (West 1992)), but the motion was amended to combine a mo-

tion to dismiss pursuant to section 2—619 of the Code (735 ILCS 5/2—619 (West 1992)). Both motions focused on the fact that plaintiff failed to produce evidence which demonstrated probable cause for naming Cole as a party defendant as required by section 2—402 of the Code. Plaintiff filed objections to defendant's motions to dismiss accompanied by a memorandum and discovery depositions.

On December 14, 1994, the trial court granted defendant's motion to dismiss "under 2—615" with prejudice. The trial court found (1) the plaintiff did not urge and the docket entry did not indicate that the June 1, 1994, hearing before another judge was an evidentiary hearing; (2) a probable cause hearing is required before a respondent in discovery can be made a defendant; (3) the evidentiary hearing must have been conducted at the time the motion to convert was heard and granted; and (4) no exception existed for additional attempts to establish probable cause or present evidence.

■ We do not agree with defendant's position that a respondent in discovery must be given notice of the motion to amend the complaint. Supreme Court Rule 104(b) requires that motions filed with the clerk should be served on all parties who have appeared. (134 Ill. 2d R. 104(b).) The failure to serve notice does not impair the jurisdiction of the court. (134 Ill. 2d R. 104(b).) Nor does section 2—402 mandate any notice prior to granting a motion to amend.

Defendant Cole filed the motion to dismiss as to himself on July 1, 1994. Defendant also filed a motion to vacate the June 1, 1994, order of Judge Miller on July 13, 1994. For defendant to be successful in his motion to dismiss, the order of Judge Miller must be vacated. Here the trial court was required to and did engage in a two-step process: it (1) vacated the order of Judge Miller because no probable cause hearing was held, and (2) dismissed the second-amended complaint because no probable cause was shown by plaintiff at hearing before Judge Miller. When Judge Miller's order was vacated, there was still pending plaintiff's motion to add the respondents in discovery as defendants.

■ ■ To add a respondent in discovery as a defendant, plaintiff must seek leave of court. (*Torley v. Foster G. McGaw Hospital* (1983), 116 Ill. App. 3d 19, 22-23, 452 N.E.2d 7, 9.) Probable cause will be established if a person of ordinary caution and prudence would entertain an honest and strong suspicion that the purported negligence of the respondent in discovery was a proximate cause of plaintiff's injury. (*Ingle v. Hospital Sisters Health System* (1986), 141 Ill. App. 3d 1057, 1062, 491 N.E.2d 139, 143.) What is sufficient to establish probable cause depends on the nature and complexity of the case. In this negligence action based upon the collision of motor

vehicles, probable cause was established by the allegations of the second-amended complaint. That complaint, attached to plaintiff's motion as exhibit A, alleges that defendant Cole was the driver of a tractor trailer involved in the accident and alleges certain negligent acts on the part of Cole. In a medical malpractice case or products liability case, a significantly greater amount of "evidence" may be required.

■ Once defendant challenged the sufficiency of the probable cause hearing, the trial court, after vacating Judge Miller's order, should have considered the depositions which plaintiff submitted as further support of the motion to file a second-amended complaint. We find distinguishable the cases of *Browning v. Jackson Park Hospital* (1987), 163 Ill. App. 3d 543, 516 N.E.2d 797, and *Froehlich v. Sheehan* (1992), 240 Ill. App. 3d 93, 608 N.E.2d 889. Of significance in both *Browning* and *Froehlich* were the local rules of the circuit court of Cook County. The court in *Froehlich* explained that, by filing the motion as a routine motion, plaintiff specifically asked the trial court not to hold a hearing on the motion to add respondents as defendants. *Froehlich*, 240 Ill. App. 3d at 100-03, 608 N.E.2d at 895-96.

The trial court in this case found a distinction between the local rules in Cook County and those of the Sixth Judicial Circuit. We agree. In this case, no such restrictions were placed on the hearing on the motion to amend. Although it may have been better practice for plaintiff to submit the depositions with the motion to file a second-amended complaint, we see no prejudice to defendant in allowing plaintiff to present to the trial court in response to the motions to dismiss evidence which was available to plaintiff at the time the motion to file the second-amended complaint was considered.

The judgment of the circuit court of Champaign County is reversed, and this cause is remanded for further proceedings.

Reversed and remanded.

COOK and STEIGMANN, JJ., concur.