SHERRON MOOMAW, Plaintiff-Appellant, v. MENTOR H/S, INC., *et al.*, Defendants (James Kurley *et al.*, Appellees).

Fourth District    No. 4—99—0548

Opinion filed May 22, 2000.—Rehearing denied July 10, 2000.

Robert I. Auler, of Auler Law Offices, P.C., of Urbana, for appellant.

Laura D. Clower, of Dobbins, Fraker, Tennant, Joy & Perlstein, P.C., of Champaign, for appellees.

JUSTICE GARMAN delivered the opinion of the court:

This cause was remanded to the circuit court of Champaign County after having been removed to the United States District Court for the Central District of Illinois. After remand to state court, Dr. James Kurley and Christie Clinic Association (Christie) (Kurley and Christie are hereinafter referred to collectively as respondents), who were named in the original complaint as respondents in discovery pursuant to section 2—402 of the Code of Civil Procedure (Code) (735 ILCS 5/2—402 (West 1998)), sought to terminate their status as respondents in discovery. The trial court denied the motion and found that respondents remained respondents in discovery upon remand. Plaintiff, Sherron Moomaw, subsequently moved the court to convert respondents into defendants. The trial court denied the motion, finding that plaintiff failed to show probable cause to convert. Plaintiff argues on appeal that the trial court erred in refusing to convert respondents into defendants because (1) she had properly converted them from respondents in discovery to defendants in federal court pursuant to section 2—402 of the Code, and (2) she had, in fact, submitted sufficient evidence of probable cause. We reverse and remand for further proceedings.

## I. BACKGROUND

In February 1996, Kurley, a plastic surgeon, implanted tissue expanders into plaintiff's breasts. Kurley had previously performed full mastectomies of plaintiff's breasts. The tissue expanders deflated repeatedly and, as a result, plaintiff underwent several additional surgical procedures by Kurley. Plaintiff also incurred a staph infection and suffered recurring cellulitis in her right breast.

At all relevant times, Kurley was employed by Christie. Kurley performed all of the surgical procedures at Covenant Medical Center (Covenant). The manufacturers of the tissue expanders are Mentor H/S, Inc. (Mentor), and McGhan Medical Corporation (McGhan).

On February 6, 1998, plaintiff filed a complaint for products liability and negligence against Mentor and McGhan, seeking compensation for the pain, suffering, disability, and lost wages that she incurred as a result of the failed tissue expanders. Plaintiff named Kurley,

Christie, and Covenant as respondents in discovery pursuant to section 2—402 of the Code. Only Kurley and Christie are parties to this appeal.

■ Section 2—402 of the Code provides that a plaintiff in any civil action may designate as respondents in discovery those individuals or entities believed by the plaintiff to have information essential to the determination of what parties should properly be named as additional defendants in the action. 735 ILCS 5/2—402 (West 1998). A plaintiff may, within six months of naming a respondent in discovery, and upon a showing of probable cause, add the respondent in discovery as a defendant. 735 ILCS 5/2—402 (West 1998). A respondent in discovery is required to respond to discovery by the plaintiff in the same manner as a defendant. 735 ILCS 5/2—402 (West 1998).

In March 1998, Mentor and McGhan successfully moved to remove this case to federal court on the grounds of diversity jurisdiction. Moomaw v. Mentor H/S, Inc., No. 98—2077 (C.D. Ill.). On June 18, 1998, plaintiff filed a motion to add respondents and Covenant as defendants in federal court. Plaintiff attached to her motion (1) a proposed amended complaint containing counts of medical malpractice against Kurley and Covenant and *respondeat superior* against Christie, (2) a physician's report stating that the reviewing physician believed to a reasonable degree of medical certainty that respondents and Covenant caused or contributed to plaintiff's damages, and (3) an affidavit by plaintiff's attorney, Robert Auler, attesting to the qualifications of the physician and the merits of plaintiff's claims. Respondents did not respond to this motion.

On July 24, 1998, the federal court granted plaintiff's motion to add. Moomaw v. Mentor H/S, Inc., No. 98—2077 (C.D. Ill.) (order of July 24, 1998). On July 30, 1998, plaintiff filed a motion to remand to state court, arguing that the joinder of respondents and Covenant had destroyed diversity jurisdiction. Respondents did not respond to the motion to remand. On August 25, 1998, the federal court issued an order granting plaintiff's motion to remand. Moomaw v. Mentor H/S, Inc., No. 98—2077 (C.D. Ill.) (order of August 25, 1998).

On November 4, 1998, in state court, respondents filed a motion to terminate their status as respondents in discovery. Respondents made several arguments in support of termination, including that termination was appropriate because plaintiff had failed to file a motion to convert by August 6, 1998, the six-month deadline provided in section 2—402 of the Code. Plaintiff argued in response that her motion to add in federal court, which she filed well before the August 6, 1998, deadline, sufficed as a motion to convert under section 2—402. She argued that she could not have filed a motion to convert in state

court because removal had divested the trial court of its jurisdiction. In their reply, respondents argued that no procedure exists in federal court for converting respondents in discovery to defendants. The only way of adding them was by joinder under Rule 20 of the Federal Rules of Civil Procedure (federal rules) (see 28 U.S.C. app. Fed. R. Civ. P. 20 (1994)). To vest the federal court with personal jurisdiction over respondents, Rule 4 of the federal rules required plaintiff to serve them with a summons and a copy of the complaint after the federal court granted her motion to add. See 28 U.S.C. app. Fed. R. Civ. P. 4 (1994). Plaintiff failed to so do and respondents were, therefore, not converted to defendants in federal court.

On February 4, 1999, the trial court held a hearing on the motion to terminate. The trial court found that plaintiff failed to join respondents as defendants in federal court because she had failed to serve a summons upon them. However, the trial court found that because plaintiff had endeavored to convert respondents into defendants within the six-month deadline by filing her motion to add, regardless of the fact that the motion may have been improperly styled, termination of respondents' status as respondents in discovery was not warranted. The trial court concluded that respondents remained respondents in discovery upon remand to state court and the only remaining issue was whether plaintiff had submitted sufficient evidence to support probable cause to convert. However, because the trial court did not have before it a motion to convert, it did not make a finding on the probable cause issue. Plaintiff then attempted to make an oral motion to convert. The trial court declined to rule on the oral motion and stated that the plaintiff would have to seek conversion in accordance with Illinois procedures.

On June 2, 1999, over respondents' objections, the trial court held a hearing on plaintiff's oral motion to convert. At the hearing, the trial court recognized that plaintiff had not filed a written motion to convert in state court or requested an evidentiary hearing to determine probable cause. The court also noted that plaintiff had never engaged in any formal discovery with respect to respondents. However, rather than resolving the issue on procedural grounds, the trial court stated that it had considered whether plaintiff had submitted sufficient evidence of probable cause and found that she had not. The trial court found that the physician's report submitted by plaintiff in federal court was not only undated and the signature illegible, it contained only bald conclusions regarding the respondents' alleged negligence.

This appeal followed.

## II. MOTION TO STRIKE AND DISMISS

Before addressing the merits of this appeal, we first address

respondents' motion to strike and dismiss, which we ordered taken with the case. Respondents argue that this court should strike plaintiff's brief and dismiss this appeal because plaintiff (1) failed to state the applicable standard of review for each issue as required by Supreme Court Rule 341(e)(3) (177 Ill. 2d R. 341(e)(3)), (2) included argument and referred to matters outside the record on appeal in her statement of facts in violation of Supreme Court Rule 341(e)(6) (177 Ill. 2d R. 341(e)(6)), and (3) referred to matters outside the record on appeal in her argument sections in violation of Supreme Court Rule 341(e)(7) (177 Ill. 2d R. 341(e)(7)).

■ Respondents are correct that plaintiff failed to state the applicable standard of review for each issue raised. However, the striking of an appellate brief, in whole or in part, is a harsh sanction and is appropriate only when the alleged violations of procedural rules interfere with or preclude review. *People v. DeRossett*, 237 Ill. App. 3d 315, 325, 604 N.E.2d 500, 507 (1992). We find that our review is not hindered by plaintiff's error and decline to strike her brief on that basis.

■ With respect to plaintiff's statement of facts, we do not perceive those statements referenced by respondents to be unduly argumentative. Although it is possible to glean negative inferences from some of plaintiff's factual statements, this alone is not sufficient to qualify the statements as argumentative. We also do not agree that the statement of facts or the argument sections reference matters outside the record on appeal. The record on appeal contains all of the documents necessary for our review. The fact that the full federal court record itself was not included in the record on appeal, and that some of the necessary documents were attached as exhibits to documents filed in state court, is irrelevant. Accordingly, respondents' motion to strike and dismiss is denied.

## III. ANALYSIS

Plaintiff first contends that the trial court erroneously found that respondents were not converted to defendants in federal court. Plaintiff argues that she properly converted them to defendants pursuant to section 2—402 of the Code by filing her motion to add in federal court within six months of filing her original complaint. As they did in the trial court, respondents respond that (1) section 2—402 is inapplicable in federal court, (2) plaintiff was required to follow the procedure for joinder set forth in the federal rules, and (3) because plaintiff failed to serve respondents as required by Rule 4, they were never properly joined. Because the trial court's decision was based on legal conclusions, we review it *de novo*.

Upon our review of the record and the relevant law, we agree with

plaintiff that the trial court erred in finding that respondents were not converted to defendants in federal court. It is apparent from reviewing the transcript of the trial court hearings that the trial court based its finding, in part, on the belief that section 2—402 of the Code is inapplicable in federal court. Specifically, the trial court stated that "[plaintiff's attorney] was caught in the [f]ederal [c]ourt without the procedure allowed under Illinois law." It further stated that respondents "were never summoned in [to federal court], and so they remain [r]espondents in [d]iscovery."

Contrary to the trial court's belief, we find that section 2—402 was indeed applicable in the federal court. We acknowledge that the court in *Murphy v. Schering Corp.*, 878 F. Supp. 124 (N.D. Ill. 1995), found otherwise. In *Murphy*, the court stated:

> "*Erie v. Tompkins* principles teach that Illinois law provides the substantive rules of decision in this diversity action, but that does not extend to Illinois' procedural rules [citation]. Thus 735 ILCS 5/2—402 (which is expressly made part of the Illinois Code of Civil Procedure) simply does not operate as a basis for [joinder] ***. Joinder of parties defendant in this federal action is controlled instead by Fed. R. Civ. P. 19 and 20, and to this Court's knowledge those Rules do not contemplate the type of joinder that is specified by the Illinois provision." (Emphasis omitted.) *Murphy*, 878 F. Supp. at 126.

Compare *Roe v. Little Company of Mary Hospital*, 815 F. Supp. 244 (N.D. Ill. 1992) (applicability of section 2—402 in federal court implied by holding that six-month period provided under section 2—402 was not tolled by removal of case to federal court), *vacated* in *Roe v. O'Donohue*, 38 F.3d 298 (7th Cir. 1994). However, *Murphy* is not binding on this court and, for the reasons that follow, we respectfully decline to follow it.

Under the rule developed in *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, 82 L. Ed. 1188, 1194, 58 S. Ct. 817, 822 (1938), a federal court sitting in diversity must apply a state substantive statute absent any countervailing federal policies. In *S.A. Healy Co. v. Milwaukee Metropolitan Sewerage District*, 60 F.3d 305, 309-10 (7th Cir. 1995), the court recognized that "the applicability of state procedural rules in federal diversity litigation is a knotty issue" and that no clear criteria exist for deciding whether a state rule is "substantive" for such purposes. However, the *Healy* court set forth some general guidelines.

Initially, the *Healy* court recognized two classes of "pretty clear cases." *Healy*, 60 F.3d at 310.

> "The first consists of cases in which the state rule is in actual conflict with one of the [federal rules], so that enforcing the state

rule would knock out the federal rule. If the federal rule is within the scope of the Rules Enabling Act, 28 U.S.C. § 2071(a), *** the [s]upremacy [c]lause requires that the state rules give way." *Healy*, 60 F.3d at 310.

The second class of "pretty clear cases" is where a "state procedural rule, though undeniably 'procedural' in the ordinary sense of the term, is limited to a particular substantive area, such as contract law." *Healy*, 60 F.3d at 310. In such cases:

> "the state's intention to influence substantive outcomes is manifest and would be defeated by allowing parties to shift their litigation into federal court unless the state's rule was applied there as well. Suppose a state (as many states have done) establishes a compulsory arbitration mechanism in medical malpractice cases in order to cut down on litigation and reduce malpractice insurance premiums. The state's goals are substantive—designed to shape conduct outside the courtroom and not just improve the accuracy or lower the cost of the judicial process—though the means are procedural. The goals would be thwarted if parties having access to a federal district court under the diversity jurisdiction could thumb their noses at the compulsory procedure." *Healy*, 60 F.3d at 310.

If a state rule does not fall into one of these two classes of clear cases, *Erie* principles require that two questions be asked to determine whether the rule is substantive or procedural: (1) is the rule so likely to cause forum shopping unless it is made applicable to diversity cases and so ceases to be a factor in the choice between state and federal court; and (2) is the rule so entwined with federal rules that it is likely to impair the integrity of federal procedure if applied in diversity cases? *Healy*, 60 F.3d at 310. If the answer to the first question is "yes" and the second question is "no," "then we can be reasonably confident that application of the [state] rule in diversity cases would be consistent with the principles of *Erie* and the Rules Enabling Act." *Healy*, 60 F.3d at 310-11.

■ In our case, section 2—402 falls under the second class of "pretty clear cases" in that, while it is procedural in the ordinary sense of the term, it is limited to a particular area of law, *i.e.*, medical malpractice. In *Clark v. Brokaw Hospital*, 126 Ill. App. 3d 779, 783, 467 N.E.2d 652, 655 (1984), this court found that the purpose of section 2—402:

> "was to provide plaintiff's attorneys with a means of filing medical malpractice suits without naming everyone in sight as a defendant. It was believed that the label of 'defendant' in a medical malpractice suit contributed to the spiraling cost of medical malpractice insurance." *Clark*, 126 Ill. App. 3d at 783, 467 N.E.2d at 655.

Thus, Illinois' goals in enacting section 2—402 were substantive,

though the means are procedural. These goals would be thwarted if section 2—402 were not made applicable in federal court.

Section 2—402 of the Code is also substantive under the third test set forth in *Healy*. With respect to the first inquiry, if section 2—402 is not made applicable in federal court, potential defendants may be able to evade joinder under certain circumstances. For example, assume the following facts: (1) a plaintiff has filed an action in state court naming X as a defendant and Y as a respondent in discovery under section 2—402, (2) the statute of limitations with respect to Y is about to run, (3) X removes the cause to federal court under diversity jurisdiction, and the statute of limitations against Y runs out in the meantime. If section 2—402 is not applicable in federal court, a plaintiff can no longer join Y. Section 2—402, on the other hand, would have allowed the plaintiff to join Y for six months after naming Y as a respondent in discovery, regardless of the statute of limitations. Because a party named as a respondent in discovery could potentially evade joinder if section 2—402 of the Code is not made applicable in federal court, a plaintiff might choose to avoid that risk by simply naming the party as a defendant and not as a respondent in discovery. This result would undermine the very goal Illinois had in enacting section 2—402—deterring frivolous medical malpractice suits while simultaneously protecting meritorious claims.

With respect to the second inquiry, section 2—402 is not so entwined in a federal rule such that it would impair the integrity of federal procedure. The federal rules do not have a respondent-in-discovery mechanism and section 2—402 is not entwined with Rule 19 or 20, which govern joinder in federal court.

Because we find that section 2—402 is substantive, we conclude that it was applicable in federal court. Plaintiff filed a motion in federal court to add respondents as defendants within the six-month deadline. The federal court granted the motion, and respondents were then converted to defendants.

Respondents argue that even if section 2—402 is applicable in federal court, plaintiff did not meet her burden of proving probable cause to convert. The only proof that she submitted was an unsigned, undated physician's letter and her attorney's affidavit, which, respondents argue, were insufficient. They argue further that she never requested or conducted the requisite evidentiary hearing in federal court at which to establish probable cause to convert. See *Froehlich v. Sheehan*, 240 Ill. App. 3d 93, 102, 608 N.E.2d 889, 896 (1992) (plaintiffs must request probable cause hearings for section 2—402 motions).

We need not determine whether plaintiff met the probable

cause burden or followed the proper procedures to convert because respondents forfeited any objections to the federal court's grant of plaintiff's motion to add or motion to remand by failing to raise them with the federal court. Respondents had been served with copies of plaintiff's motion to add and motion to remand and were fully aware of plaintiff's goals. Had respondents raised their objections with the federal court, the federal court could have addressed and possibly corrected any errors. See, for example, *Froehlich*, 240 Ill. App. 3d at 103, 608 N.E.2d at 896-97 (upholding trial court's grant of motion by respondents in discovery to vacate an order converting them to defendants). Respondents argue that the sole burden of establishing probable cause was on plaintiff. While this may be true, respondents still had the burden of timely objecting to the order converting them to defendants if they believed that the federal court issued it in error. Respondents cannot now take advantage of their failure to raise their objections in federal court by arguing that they were not properly made parties. Compare *Browning v. Jackson Park Hospital*, 163 Ill. App. 3d 543, 547, 516 N.E.2d 797, 800 (1987) (failure of respondents in discovery to object to motion to add them based on lack of probable cause did not constitute a forfeiture of objection because they had not received notice of the motion to add).

We find that respondents in discovery were properly converted to defendants in federal court and remained defendants when this cause was remanded to state court. After this cause was remanded, the trial court should have proceeded to the merits of plaintiff's complaint rather than engaging in an evidentiary hearing to determine probable cause. Given this finding, plaintiff's additional argument that the trial court erred in finding that she failed to demonstrate probable cause is moot.

## IV. CONCLUSION

For the foregoing reasons, we reverse and remand to the trial court for further proceedings.

Reversed and remanded with directions.

COOK, P.J., and MYERSCOUGH, J., concur.