MARIA CRUZ *et al.*, Plaintiffs-Appellants, v. COLUMBUS-CUNEO-CABRINI MEDICAL CENTER *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 1—88—0666

Opinion filed February 20, 1990.—Rehearing denied April 2, 1990.

Gordon & Gordon, Ltd., of Chicago (Robert E. Gordon, of counsel), for appellants.

Ruff, Weidenaar & Reidy, Ltd., of Chicago (Charles E. Reiter III, of counsel), for appellees Columbus-Cuneo-Cabrini Medical Center, Michael T. Feingold, and Anthony Cirrincione.

Clausen, Miller, Gorman, Caffrey & Witous, P.C., of Chicago (James T. Ferrini, Lisa Marco Kouba, Joyce Staat Lewis, and Sonia V. Odarczenko, of counsel), for appellee Matthew Ahranjani.

JUSTICE SCARIANO delivered the opinion of the court:
Plaintiffs in this medical malpractice action appeal from an order denying their motion to vacate the dismissal of their complaint as to all but one of the defendants. The motion to dismiss was granted by a downstate judge who was temporarily substituting for the assigned trial judge; this same downstate judge was also specially assigned to hear the motion to vacate. Plaintiffs contend that the circuit court erred in assigning the motion to vacate to the downstate judge, who is claimed to have erred in holding that he had no jurisdiction to rule on the motion because it was not filed with the clerk of the court within 30 days of the entry of the judgment. We affirm the judgment of the trial court.

Plaintiffs in this action are Maria Cruz and her husband. Defendants named as parties to this appeal are Dr. Matthew Ahranjani, Columbus-Cuneo-Cabrini Medical Center, Dr. Anthony Cirrincione, and Dr. Michael Feingold. Ahranjani is represented by separate counsel; the remaining defendants are referred to collectively as "Columbus."

Ahranjani and Columbus both filed motions to dismiss plaintiffs' action pursuant to Supreme Court Rule 219(c) (107 Ill. 2d R. 219(c)), claiming that they had not complied with four court orders regarding outstanding discovery and the disclosure of expert witnesses. A hearing on the motion and a pretrial conference were set for July 30,

1987. Although plaintiffs' attorney received proper notice, he did not appear at the July 30 hearing. Circuit Court Judge Michael J. Henshaw, of Harrisburg, who was sitting in the absence of Judge Lester Bonaguro, the assigned judge, heard defendants' argument and granted their motion to dismiss with prejudice. The order included Supreme Court Rule 304(a) (107 Ill. 2d R. 304(a)) language permitting an immediate appeal.

Plaintiffs' attorney prepared and delivered a section 2—1301 motion to vacate the July 30 order to the trial judge on August 5 (Ill. Rev. Stat. 1985, ch. 110, par. 2—1301), and a hearing on the motion was set for August 12. While a copy of the motion was apparently sent to opposing counsel, plaintiffs concede that it was never filed with the circuit court clerk, a fact not discovered by defendants until two months later because representations had been made by plaintiffs' attorney that a filed-stamped copy existed. At the hearing, Judge Bonaguro expressed doubt as to whether he had authority to vacate a final order entered by another judge; instead, he entered an order stating plaintiffs' motion to vacate was entered and continued, and that the parties should brief the issue.

A second hearing on the motion to vacate was held on September 14, after which Judge Bonaguro entered an order which stated: "This Court finds that it does not have jurisdiction to hear this motion because the order of July 30, 1987, was entered by Judge Henshaw who was sitting in his stead. This Court [is] further recommending that this motion be assigned to Judge Henshaw." The motion was continued for a hearing before the assignment judge, who on October 20, 1987, transferred the motion to Judge Henshaw. It was shortly after this date that defendants learned there was no filed-stamped copy of the section 2—1301 motion.

After an additional round of briefs, a hearing was held before Judge Henshaw on November 9, 1987. Both Ahranjani and Columbus contended in their briefs that the court had no jurisdiction to hear the section 2—1301 motion because it had not been filed with the clerk of the court within 30 days of the July 30 judgment and, in the alternative, argued the merits of the judgment. Judge Henshaw entered an order on January 29, 1988, denying the motion for lack of jurisdiction. A notice of appeal was filed on February 24, 1988.

I

Plaintiffs argue that Judge Bonaguro erred in transferring this case to Judge Henshaw for a ruling on their section 2—1301 motion to vacate. They cite several cases holding that an interlocutory order

can be amended or revised at any time prior to entry of the final judgment, and that the order can be reviewed by a judge other than the one who initially entered the order. (*Balciunas v. Duff* (1983), 94 Ill. 2d 176, 446 N.E.2d 242; *Towns v. Yellow Cab Co.* (1978), 73 Ill. 2d 113, 382 N.E.2d 1217; *Richichi v. City of Chicago* (1964), 49 Ill. App. 2d 320, 199 N.E.2d 652.) Plaintiffs also assert that a motion to vacate an *ex parte* order or an order entered in the absence of the affected party should be treated in the same way as an interlocutory order, and that since their attorney was not present at the July 30, 1987, hearing, Judge Bonaguro should properly have reviewed the order entered on July 30 by Judge Henshaw.

█▌ Plaintiffs cite no case law in support of this engaging analysis. Quite to the contrary, however, our supreme court has recently held that where a ruling is immediately appealable, rather than interlocutory in nature, review of the order by a different judge is improper. (*People v. DeJesus* (1989), 127 Ill. 2d 486, 537 N.E.2d 800.) A similar conclusion was reached in *People ex rel. Kelly, Ketting, Furth, Inc. v. Epstein* (1974), 61 Ill. 2d 229, 231, 335 N.E.2d 430, 431, where the court noted: "Review of the orders of one judge by another judge of the same court in the same case is neither consistent with the orderly administration of justice nor with our judicial system." (See also *Peoples Gas Light & Coke Co. v. Austin* (1986), 147 Ill. App. 3d 26, 497 N.E.2d 790 (distinguishing between review of final judgment and interlocutory orders).) Plaintiffs have not in any way distinguished this line of cases from theirs.

█▌ The parties here do not dispute that the order entered by Judge Henshaw on July 30, which dismissed the complaint as to all but one of the defendants for failure to comply with court orders regarding discovery, was a final order due to the inclusion of the Rule 304(a) language. Consequently, the motion to vacate was properly transferred to Judge Henshaw, the judge who made the initial ruling. We find plaintiffs' argument is without merit.

II

Plaintiffs also argue that Judge Henshaw erred in holding that the circuit court lost jurisdiction over the case because their motion was not received and stamped by the clerk of the court within 30 days after the judgment was entered. They rely primarily on *Okumura v. Nisei Bowlium, Inc.* (1976), 43 Ill. App. 3d 753, 357 N.E.2d 187, where the appellate court reversed the trial court's grant of defendants' motion to vacate a default judgment pursuant to section 72 of the Civil Practice Act (now Ill. Rev. Stat. 1987, ch. 110, par.

2—1401). The section 72 petition was never filed with the clerk of the circuit court and was merely presented to the judge and opposing counsel at a hearing. The appellate court found that the trial court erred because it "considered a document which had not been filed, received in evidence, nor otherwise made a part of the record." *Okumura*, 43 Ill. App. 3d at 756, 357 N.E.2d at 190.

Plaintiffs argue that this language sets up a three-part test, and that a motion can be considered by the court as long as it is "otherwise made a part of the record," despite the fact that the motion has not been filed or received in evidence. Plaintiffs point to the fact that orders were entered on August 12, September 14, and October 20, 1987, which refer specifically to their motion to vacate. Further, briefs on the jurisdictional issue argued before Judge Bonaguro on September 14, which were properly filed with the clerk of the court, specifically referred to the motion. Plaintiffs assert that these filings incorporated the motion in such a way that it became a part of the official record.

■ Plaintiffs take undue comfort from their analysis of *Okumura*. In focusing on the language quoted above, they inexplicably ignore the following significant passage from the same decision:

"Insofar as [a section 72] petition is considered a pleading in a new action it must be filed as other pleadings in the manner provided by the Civil Practice Act. [Citation.] To constitute filing, the document must pass into the exclusive custody and control of the clerk to be made part of the court records. (*Hamilton v. Beardslee* (1869), 51 Ill. 478.) A document not properly a part of the trial court proceedings is dehors the record and may not be considered by this court on review. (*Albert v. Albert* (1950), 340 Ill. App. 582, 92 N.E.2d 491.)" (43 Ill. App. 3d at 755, 357 N.E.2d at 189-90.)

The language relied upon by plaintiffs does not persuade us that *Okumura* rejects the exclusive custody rule. Indeed, *Okumura*, decided by this court, obviously recognizes, as it must, the ancient and authoritative pedigree of the rule in its citation of the *Hamilton* case. Further and continued support for the application of the exclusive custody rule to this case is to be found in the language of Supreme Court Rule 104(b), which provides: "Pleadings subsequent to the complaint, written motions, and other papers required to be filed shall be *filed with the clerk* ***." (Emphasis added.) 107 Ill. 2d R. 104(b).

Nor has the exclusive custody rule been limited to section 2—1401 petitions, which initiate a new proceeding distinct from the

original action (*Manning v. Meier* (1983), 114 Ill. App. 3d 835, 449 N.E.2d 560), but has also been applied to section 2—1301 motions (*Fairfax Family Fund, Inc. v. Couch* (1982), 103 Ill. App. 3d 492, 431 N.E.2d 461; *Dangeles v. Marcus* (1978), 57 Ill. App. 3d 662, 373 N.E.2d 645).

To be sure, some relatively minor deviations from the exclusive custody rule are permitted. For example, the Illinois Supreme Court has recently held that, for purposes of meeting the 30-day limitations period, a notice of appeal is considered filed when it is mailed, rather than when it is received by the circuit court clerk. (*Harrisburg-Raleigh Airport Authority v. Department of Revenue* (1989), 126 Ill. 2d 326, 533 N.E.2d 1072.) However, such exceptions are clearly much more limited than the approach plaintiffs advance here, one which would virtually eliminate the well-established and well-defined exclusive custody rule.

▪ Even if a section 2—1301 motion to vacate is not filed within the 30-day limitations period, and the trial court consequently loses jurisdiction over the matter, the parties can revest the court with jurisdiction if they actively participate without objection in further proceedings inconsistent with the prior judgment. (*People v. Kaeding* (1983), 98 Ill. 2d 237, 456 N.E.2d 11; *Ridgely v. Central Pipe Line Co.* (1951), 409 Ill. 46, 97 N.E.2d 877; *Gentile v. Hansen* (1984), 131 Ill. App. 3d 250, 475 N.E.2d 894; *Comet Casualty Co. v. Schneider* (1981), 98 Ill. App. 3d 786, 424 N.E.2d 911.) A nonmovant who argues only the merits of the judgment revests the trial court with jurisdiction (*Ridgely*, 409 Ill. 46, 97 N.E.2d 877); a nonmovant who contests the trial court's jurisdiction does not (*Sears v. Sears* (1981), 85 Ill. 2d 253, 422 N.E.2d 610).

▪ In this case, it is true that the jurisdictional defect caused by the failure to file a timely section 2—1301 motion was not raised at the August 12, 1987, hearing before Judge Bonaguro. However, this should not surprise anyone in light of the fact that defendants did not realize on August 12 that a motion to vacate had not been filed with the clerk of the court. Defendants assert, and plaintiffs do not dispute, that as late as October 29, plaintiffs' counsel represented that he would provide defendants with a filed-stamped copy of the motion. After the facts were discovered, defendants' memoranda of law submitted to Judge Henshaw made clear that they were not conceding the jurisdiction issue, and addressed the merits of the judgment only as an alternative argument.

On these facts, we find the *Sears* decision controls. Judge Henshaw properly held that the trial court had no jurisdiction to review

the July 30, 1987, order; proceedings which took place in the trial court after that date were insufficient to revest the court with jurisdiction.

For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.

BILANDIC and HARTMAN, JJ., concur.