LISA KNAPP *et al.*, Plaintiffs-Appellants, v. SERDAR BULUN *et al.*, Defendants (George J. O'Neil, Jr., *et al.*, Respondents in Discovery—Appellees).

First District (2nd Division)    No. 1—08—2299

Opinion filed June 30, 2009.

James P. Ginzkey, of Bloomington, for appellants.

Johnson & Bell, Ltd., of Chicago (Mark D. Johnson and Garrett L. Boehm, Jr., of counsel), for appellees.

JUSTICE HOFFMAN delivered the opinion of the court:

The plaintiffs, Lisa Knapp and Kevin Knapp, appeal from the circuit court's order terminating the status of O'Neil Associates, S.C. (O'Neil Associates), and George J. O'Neil, Jr. (collectively, the O'Neils or the O'Neil respondents), as respondents in discovery. For the reasons that follow, we affirm the judgment of the circuit court.

The record reflects the following relevant facts. On December 8, 2006, the plaintiffs brought this action seeking recovery for personal injuries and loss of consortium allegedly caused by negligent medical treatment rendered to Lisa during December 2004 and January 2005. The complaint named Northwestern Memorial Physicians Group, Northwestern Medical Faculty Foundation, Inc. (collectively, the Northwestern defendants), and Dr. Serdar Bulun as defendants. The complaint also named Dr. George J. O'Neil, Jr., and O'Neil Associates, the corporation through which Dr. O'Neil conducted his medical practice, as respondents in discovery. On the same day the complaint was filed, the plaintiffs caused a summons for discovery to be issued against Dr. O'Neil, pursuant to section 2—402 of the Code of Civil Procedure (the Code) (735 ILCS 5/2—402 (West 2006)). The summons for discovery indicated that Dr. O'Neil was required to appear for a deposition on February 23, 2007. In addition, the summons reflected that the sheriff was directed to serve "George O'Neil, Jr., Merrick Hayes, Registered Agent, 202 N. Center St., Bloomington, Illinois, 61701." Merrick Hayes was the registered agent for O'Neil Associates. On December 18, 2006, the summons for discovery against Dr. O'Neil was delivered to Paula Cree, the paralegal and secretary to Merrick Hayes, at the address listed on the summons. Cree forwarded a copy of the summons to Dr. O'Neil's office address by first-class mail. No summons for discovery was issued in the name of O'Neil Associates.

On December 20, 2006, Joyce Stalter, the office manager for O'Neil Associates, faxed the summons for discovery to Johnson & Bell, Ltd., a law firm that was representing Dr. O'Neil in another medical malpractice case that had been filed by the plaintiffs' attorney but which involved a different plaintiff. Stalter also telephoned the office of plaintiffs' counsel and advised his assistant, Shawntelle Thornton, that Dr. O'Neil was not available to appear for a deposition on the specified date due to a vacation. Over the next several weeks, Thornton telephoned Dr. O'Neil's medical office three times, seeking to

reschedule his deposition. On February 9, 2007, Stalter informed Thornton that Dr. O'Neil was on vacation and that his practice was closing. According to Stalter, Dr. O'Neil never provided her with any acceptable deposition dates, and he advised her that he was not going to appear for a deposition.

On February 22, 2007, the plaintiffs filed a motion pursuant to Supreme Court Rule 204(c) (166 Ill. 2d R. 204(c)), requesting that the trial court issue a subpoena against Dr. O'Neil to appear for his deposition. The plaintiffs also moved for an extension of time to file the certificate of merit required by section 2—622 of the Code (735 ILCS 5/2—622 (West 2006)). On March 7, 2007, the trial court granted both motions, but the record does not reflect that the Rule 204(c) subpoena was ever issued.

In mid-April 2007, the plaintiffs obtained the section 2—622 certificate of merit, which concluded that a meritorious cause of action existed against the O'Neil respondents. On April 24, 2007, the plaintiffs' attorney served counsel for the Northwestern defendants with a motion to convert the respondents in discovery to defendants and with a motion for leave to file an amended complaint. Both motions were sent by United States mail and were received by counsel for the Northwestern defendants. The record on appeal does not include a file-stamped copy of either motion, nor does it reflect that either motion was sent to or received by the clerk of the circuit court of Cook County.

At a case-management conference held on May 9, 2007, the trial court heard and granted the plaintiffs' motion for leave to file an amended complaint.[1] The amended complaint named Dr. O'Neil and O'Neil Associates as party defendants and asserted medical negligence claims against them in counts III through V. Following the filing of the amended complaint, the clerk of the circuit court of Cook County issued summonses against Dr. O'Neil and O'Neil Associates. Each summons directed the sheriff to serve the named defendant "c/o Merrick Hayes, Registered Agent, 202 N. Center St., Bloomington, IL 61701." Both summonses were delivered to Cree, the paralegal and secretary to Merrick Hayes, at the address listed on the summons. Cree forwarded a copy of the summons against Dr. O'Neil to his office address by first-class mail.

---

[1]The record on appeal does not contain a report of those proceedings, a bystander's report, or an agreed statement of facts, in accordance with Supreme Court Rule 323 (210 Ill. 2d Rs. 323(a), (c), (d)), and the order does not reflect that the trial court made a finding of probable cause.

On June 12, 2007, the plaintiffs caused an alias summons to be issued against Dr. O'Neil for service at his residence at 14 Rock Garden Court, Unit 1, Bloomington, Illinois. During June 2007, one of the attorneys representing Dr. O'Neil advised plaintiffs' counsel that Dr. O'Neil had moved to Kuwait and was not amenable to service in Illinois. After receiving this information, plaintiffs moved for the appointment of a private process server in order to effect service on Dr. O'Neil in a foreign jurisdiction. The court granted the plaintiffs' motion on July 11, 2007. That same day, substitute service of the alias summons against Dr. O'Neil was accomplished by service on his wife, Charla O'Neil, at their residence in Bloomington, Illinois.

On October 4, 2007, the trial court entered an order vacating all technical defaults against the O'Neil defendants and allowing them to answer or otherwise plead within 21 days. That order further stated that the discovery deposition of Dr. O'Neil was to be set by agreement of the parties. On October 25, 2007, counsel for the O'Neils filed an appearance and jury demand. That same day, the O'Neils moved to vacate the order of May 9, 2007, which had granted the plaintiffs leave to file an amended complaint naming them as party defendants. This motion was predicated on the contention that the court lacked personal jurisdiction over them because they had not been properly served with the original complaint or with summonses for discovery. The O'Neils also moved to strike counts III through V of the amended complaint on the same grounds. After briefing, the trial court granted both motions on April 18, 2008.

Thereafter, the plaintiffs caused new summonses for discovery to be issued against the O'Neils. These summonses were served on May 13, 2008. Dr. O'Neil was served personally, and service of O'Neil Associates was accomplished through service on the Secretary of State. The plaintiffs subsequently filed a motion for reconsideration, a second motion to convert the respondents in discovery to party defendants, and a second motion for leave to file an amended complaint. The O'Neils then filed a motion to terminate their status as respondents in discovery. On July 15, 2008, the trial court granted the O'Neils' motion, finding that they had not been timely and properly served with summonses for discovery and the original complaint. The July 15, 2008, order included a finding, pursuant to Supreme Court Rule 304(a) (210 Ill. 2d R. 304(a)), that there was no just cause for delay in enforcement or appeal of that ruling.[2]

---

[2]The plaintiffs' claims against the Northwestern defendants had been voluntarily dismissed on August 17, 2007, but the claims against Dr. Bulun remained pending.

A week later, the plaintiffs filed the affidavit of counsel for the Northwestern defendants, attesting that the plaintiffs' motion for leave to file an amended complaint was heard and granted on May 9, 2007. This affidavit did not indicate that the trial court had ever heard or granted a motion to convert the O'Neil respondents in discovery to defendants or that the trial court had made the requisite finding of probable cause for such conversion. On August 8, 2008, the plaintiffs filed a notice of appeal challenging the July 15, 2008, order terminating the status of the O'Neils as respondents in discovery.

■ We initially address the assertion by the O'Neils that this court lacks jurisdiction to review the propriety of the April 18, 2008, order, which vacated the grant of leave to file an amended complaint, because it was an interlocutory order that was not specifically challenged in the notice of appeal.

It is established that "a notice of appeal is to be liberally construed." *Burtell v. First Charter Service Corp.*, 76 Ill. 2d 427, 433, 394 N.E.2d 380 (1979). Also, "[u]nless the appellee is prejudiced thereby, the absence of strict technical compliance with the form of the notice is not fatal, and where the deficiency in the notice is one of form only, and not of substance, the appellate court is not deprived of jurisdiction." *Burtell*, 76 Ill. 2d at 434. An appeal from a final judgment draws into issue all previous interlocutory orders that produced the final judgment. *Burtell*, 76 Ill. 2d at 433; *Valdovinos v. Luna-Manalac Medical Center, Ltd.*, 307 Ill. App. 3d 528, 538, 718 N.E.2d 612 (1999). Consequently, a court of review has jurisdiction to review an interlocutory order that constitutes a procedural step in the progression leading to the entry of the final judgment from which an appeal has been taken. *Valdovinos*, 307 Ill. App. 3d at 538.

Here, the vacatur of the May 9, 2007, order, which had granted the plaintiffs leave to file an amended complaint, was a procedural step in the progression leading to the entry of the final judgment with regard to the O'Neil respondents. Thus, although the April 18, 2008, order was not a final judgment, it is subject to appeal. In addition, the O'Neil respondents have not argued that they were prejudiced by the plaintiffs' failure to comply with the technical requirement that the order of April 18, 2008, be specifically referenced in the notice of appeal. Consequently, we reject the claim that the entry of that order is not subject to review.

Turning to the merits of the appeal, we next consider whether the circuit court erred in vacating the order that allowed amendment of the complaint and in terminating the status of the O'Neils as respondents in discovery. We review these rulings for an abuse of the circuit court's discretion. See *Loyola Academy v. S&S Roof Mainte-*

*nance, Inc.*, 146 Ill. 2d 263, 273-74, 586 N.E.2d 1211 (1992); *Long v. Mathew*, 336 Ill. App. 3d 595, 600, 783 N.E.2d 1076 (2003); *Froehlich v. Sheehan*, 240 Ill. App. 3d 93, 103, 608 N.E.2d 889 (1992).

On appeal, the plaintiffs argue that the circuit court erred in vacating the May 9, 2007, order and in terminating the status of the O'Neils as respondents in discovery because the motion to convert the O'Neil respondents to named defendants was timely filed. We cannot agree.

■ Section 2—402 of the Code provides the statutory procedure by which a plaintiff is permitted to designate individuals or other entities as respondents in discovery. 735 ILCS 5/2—402 (West 2006). The plaintiff is required to serve upon each respondent a copy of the complaint together with a summons for discovery. 735 ILCS 5/2—402 (West 2006). Upon a showing of probable cause, a person or entity designated as a respondent in discovery may be made a defendant within six months after being so designated, even though the statute of limitations may have expired during the six-month period. 735 ILCS 5/2—402 (West 2006). A single extension of this six-month period may be granted for up to 90 days based on (i) the withdrawal of plaintiff's counsel or (ii) a showing of good cause. 735 ILCS 5/2—402 (West 2006). However, the court may grant additional reasonable extensions of this six-month period based on a failure or refusal on the part of the respondent to comply with timely filed discovery. 735 ILCS 5/2—402 (West 2006).

Section 2—402 established a special statutory action on the condition that suit be brought within the specified time period. See *Robinson v. Johnson*, 346 Ill. App. 3d 895, 902, 809 N.E.2d 123 (2003); *Hugley v. Alcaraz*, 144 Ill. App. 3d 726, 734, 494 N.E.2d 706 (1986). An action brought pursuant to section 2—402 provides for unilateral discovery by the plaintiff, a right unknown at common law, and makes the six-month time requirement an inherent element of the right. *Robinson*, 346 Ill. App. 3d at 902; *Froehlich*, 240 Ill. App. 3d at 103. The failure to serve respondents in discovery with the complaint deprives the circuit court of jurisdiction over them. *Allen v. Thorek Hospital*, 275 Ill. App. 3d 695, 702-03, 656 N.E.2d 227 (1995), citing *Whitley v. Lutheran Hospital*, 73 Ill. App. 3d 763, 766, 392 N.E.2d 729 (1979). Scrupulous adherence to the requirements of section 2—402 is a condition precedent to the plaintiff's right to seek a remedy. See *Robinson*, 346 Ill. App. 3d at 902-03; *Froehlich*, 240 Ill. App. 3d at 103; *Hugley*, 144 Ill. App. 3d at 734. The six-month period in which a respondent in discovery may be converted to a defendant begins to run on the day the complaint is filed. *Robinson*, 346 Ill. App. 3d at 902; *Allen*, 275 Ill. App. 3d at 700-01.

■ In this case, the plaintiffs' complaint was filed on December 8, 2006. Thus, pursuant to section 2—402, the plaintiffs had until June 8, 2007, to file their motion to convert the O'Neil respondents to defendants. The record demonstrates, however, that no such motion was filed with the clerk of the circuit court. The only copy of a motion to convert that appears in the record was attached as an exhibit to the plaintiffs' response to the motion to vacate. In addition, a copy of a motion for leave to amend was filed along with the affidavit of counsel for the Northwestern defendants. These motions were not file-stamped, and there is no indication in the record that either motion was ever filed with the clerk of the court. Based on this record, we conclude that the plaintiffs failed to comply with the terms of section 2—402 because they did not file their motion to convert within six months of the filing of their complaint.

In seeking to avoid this result, the plaintiffs argue that the motion to convert and the motion for leave to amend were filed by mail on April 24, 2007, the date on which they were mailed to counsel for the Northwestern defendants, which was within the six-month time period mandated in section 2—402. This argument suffers from two fundamental flaws.

First, it assumes that the filing of the motion to convert could be accomplished by mail. There is no statutory provision or supreme court rule specifically authorizing the filing of documents by mail in the circuit courts. We recognize that the mailing of a document required to be filed in a reviewing court will preserve a timely filing date, even where the document is received after the due date. 155 Ill. 2d R. 373. This rule, commonly referred to as the "mailbox rule," has been extended to the filing of a notice of appeal in the circuit court. *Harrisburg-Raleigh Airport Authority v. Department of Revenue*, 126 Ill. 2d 326, 340, 533 N.E.2d 1072 (1989). We observe, however, that the supreme court's extension of the "mailbox rule" to notices of appeal was premised on the recognition that modern policy has moved toward equating the time of mailing with actual receipt, particularly with respect to appellate practice. *Harrisburg-Raleigh Airport Authority*, 126 Ill. 2d at 341. In reaching this conclusion, the supreme court noted that "[a] notice of appeal, *unlike many other papers filed in the circuit court*, is closely related to the appellate process; when timely filed it divests the trial court of jurisdiction and confers jurisdiction upon the appellate court." (Emphasis added.) *Harrisburg-Raleigh Airport Authority*, 126 Ill. 2d at 341. Though the court held that the pro-mailing policy embodied in Rule 373 should be applied to the filing of a notice of appeal in the circuit court, it deliberately refrained from expressing an opinion as to whether the same policy would apply to

other papers filed in the circuit court. *Harrisburg-Raleigh Airport Authority*, 126 Ill. 2d at 341-42.[3]

Some Illinois cases decided after *Harrisburg-Raleigh Airport Authority* have held that the "mailbox rule" is applicable to certain other types of documents required to be filed in the circuit court. See *People v. Tlatenchi*, 391 Ill. App. 3d 705, 710 (2009) (motion to withdraw a guilty plea); *Tolve v. Ogden Chrysler Plymouth, Inc.*, 324 Ill. App. 3d 485, 492-93, 755 N.E.2d 536 (2001) (postjudgment petition for attorney fees); *Pakrovsky v. Village of Lakemoor*, 274 Ill. App. 3d 515, 517-18, 654 N.E.2d 1081 (1995) (notice of rejection of an arbitration award); *People v. Johnson*, 232 Ill. App. 3d 882, 883-84, 598 N.E.2d 276 (1992) (postconviction petition); *People v. Aldridge*, 219 Ill. App. 3d 520, 523, 580 N.E.2d 158 (1991) (motion to withdraw a guilty plea); *People v. Easley*, 199 Ill. App. 3d 179, 182-83, 556 N.E.2d 802 (1990) (postjudgment motion to reduce sentence); *People v. Pagel*, 197 Ill. App. 3d 305, 307-08, 553 N.E.2d 1110 (1990) (motion to withdraw a guilty plea); *Board of Trustees of Southern Illinois University v. Department of Human Rights*, 190 Ill. App. 3d 644, 647, 546 N.E.2d 1039 (1989) (appearance and answer).

However, we have found no cases extending the "mailbox rule" to the filing of a motion to convert, and we do not believe that a motion to convert is similar to a notice of appeal or sufficiently related to the appellate process to justify such extension. Rather, because the conversion of respondents in discovery to defendants requires the filing of an amended complaint naming different parties and asserting new claims, it is more akin to the filing of a new action, which cannot be accomplished by mail. See *Wilson v. Brant*, 374 Ill. App. 3d 306, 311-13, 869 N.E.2d 818 (2007); *Kelly v. Mazzie*, 207 Ill. App. 3d 251, 253-54, 565 N.E.2d 719 (1990); *Wilkins v. Dellenback*, 149 Ill. App. 3d 549, 553-54, 500 N.E.2d 692 (1986) (section 2—1401 petition). Like a complaint, a motion to convert a respondent in discovery to a defendant is distinguishable from other documents. See *Kelly*, 207 Ill. App. 3d at 253-54. Because the filing of a motion to convert implicates the statute of limitations, respondents in discovery are entitled to rely on the certainty the statute provides; extension of the "mailbox rule" to such circumstances would destroy that certainty. See *Kelly*, 207 Ill. App. 3d at 254. Accordingly, existing Illinois law does not authorize the filing by mail of a motion to convert respondents in discovery to defendants.

---

[3]Subsequent to the decision in *Harrisburg-Raleigh Airport Authority*, Rule 373 was amended to specifically apply to the filing of a notice of appeal. 155 Ill. 2d R. 373.

Second, even assuming that the motion to convert could be filed by mail, there is no evidence in the record indicating that the plaintiffs attempted to do so in this case. The proofs of service that were attached to the unstamped motions to convert and for leave to amend reflect that they were mailed to counsel for the Northwestern defendants but do not indicate that they were also mailed to the clerk of the court. Therefore, the proofs of service are insufficient to establish that the motions were mailed to the court for filing. In addition, the unstamped motions appearing in the record are not accompanied by notices of filing stating that they were mailed to the circuit court. See *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 216-17, 902 N.E.2d 662 (2009) (holding that a notice of filing mailed to opposing counsel was not adequate proof that a notice of appeal was mailed to the circuit court). Moreover, the record does not contain an affidavit of either Thornton, who signed the proofs of service, or the plaintiffs' attorney, attesting that the motions were mailed to the court. In light of these circumstances, we find no evidentiary support in the record for the plaintiffs' assertion that either the motion to convert or the motion for leave to amend was filed by mail on April 24, 2007.

■ The plaintiffs also contend that the O'Neils were properly and timely added as party defendants because the motion for leave to file an amended complaint was effectively filed when it was presented to the circuit court on May 9, 2007, within the six-month period set forth in section 2—402. This contention is without merit.

Pleadings, written motions, and other papers required to be filed shall be filed with the clerk of the court. 134 Ill. 2d R. 104(b); *Cruz v. Columbus-Cuneo-Cabrini Medical Center*, 194 Ill. App. 3d 1037, 1041, 551 N.E.2d 1345 (1990); see also *Riley v. Jones Brothers Construction Co.*, 198 Ill. App. 3d 822, 827-28, 556 N.E.2d 602 (1990). To constitute filing, the document must pass into the exclusive custody and control of the clerk to be made part of the court records. *Cruz*, 194 Ill. App. 3d at 1041, citing *Hamilton v. Beardslee*, 51 Ill. 478 (1869). "The uniform practice in the trial court has been to require actual receipt by the circuit clerk, as evidenced by the file stamp, before a paper is considered filed." *Wilkins v. Dellenback*, 149 Ill. App. 3d 549, 553, 500 N.E.2d 692 (1986). Delivery of a document to the chambers of a judge is insufficient to establish that the document was filed with the clerk of the court (see *Riley*, 198 Ill. App. 3d at 828), as is the presentation of a motion to the judge and opposing counsel at a hearing (see *Cruz*, 194 Ill. App. 3d at 1041-42; *Okumura v. Nisei Bowlium, Inc.*, 43 Ill. App. 3d 753, 756, 357 N.E.2d 187 (1976)). A document not properly a part of the trial court proceedings is *dehors* the record and may not be

considered by this court on review. *Cruz*, 194 Ill. App. 3d at 1041; *Okumura*, 43 Ill. App. 3d at 755.

As noted above, the record does not reflect that either the motion to convert or the motion for leave to amend ever passed into the exclusive custody and control of the clerk of the court. Therefore, these motions were not filed, nor were they made a part of the circuit court records. See *Cruz*, 194 Ill. App. 3d at 1041.

■ We also reject the plaintiffs' claim that the unstamped motions to convert and for leave to file an amended complaint should have been included in the record as substitutes for documents that were lost. In support of this assertion, the plaintiffs rely on section 2—618 of the Code, which provides that "[i]f any pleading or paper *filed in a cause* has been lost or mislaid, the court may permit the filing of a copy authenticated by such affidavits as the court may require." (Emphasis added.) 735 ILCS 5/2—618 (West 2006). Where there is sufficient evidence to show that a document has been filed, but, due to a possible clerical error, the original is not included in the court file, a court has the inherent power to substitute a paper, file, or record that has been lost. *People ex rel. Fahner v. American Buyers Club, Inc.*, 115 Ill. App. 3d 759, 761, 450 N.E.2d 904 (1983). In this case, as explained above, there is no indication in the record that the motions to convert and for leave to amend the complaint were ever actually filed with the clerk of the court and made a part of the court records. Accordingly, substitution of copies of these documents would not have been permissible under section 2—618.

■ The plaintiffs next assert that the circuit court erred in terminating the status of the respondents in discovery because the vacatur of the May 9, 2007, order merely placed the parties back in the positions they held prior to the entry of that order. In making this argument, the plaintiffs appear to claim that the six-month time period within which the respondents in discovery could be converted to defendants was somehow held in abeyance. We find this argument unpersuasive.

Though we agree that the vacatur of the May 9, 2007, order restored the parties to their prior positions, it did not erase the passage of time, and the plaintiffs have pointed to no statutory or judicially created rule that tolls the time period in which to convert a respondent in discovery to a named defendant. Indeed, a similar argument was implicitly rejected in *Browning v. Jackson Park Hospital*, 163 Ill. App. 3d 543, 516 N.E.2d 797 (1987). There, the circuit court initially granted a motion to convert respondents in discovery to defendants, despite the fact that the motion was heard and allowed during a routine motion call and no evidence had been presented.

*Browning*, 163 Ill. App. 3d at 545-46. When the newly added defendants subsequently moved for dismissal, the circuit court vacated its prior order granting the motion to convert and dismissed the plaintiff's claims against those parties. *Browning*, 163 Ill. App. 3d at 545-46. On appeal, the plaintiff argued that, if the respondents in discovery were not properly added as defendants, the appropriate remedy was to conduct an evidentiary hearing on his motion to convert. *Browning*, 163 Ill. App. 3d at 548. The appellate court disagreed, noting that the plaintiff had the opportunity to properly present his motion within six months of the filing of the complaint naming the respondents in discovery. *Browning*, 163 Ill. App. 3d at 548-49. The court refused to grant the plaintiff a belated second opportunity to present evidence in support of his motion. *Browning*, 163 Ill. App. 3d at 548-49.

We conclude that the same reasoning applies in this case. The plaintiffs had ample opportunity to timely file the motion to convert the O'Neils from respondents in discovery to named defendants. Yet, the plaintiffs failed to accomplish that task as of June 8, 2007. The mere fact that the court initially granted the motion for leave to file an amended complaint and later vacated that order does not constitute a justifiable reason to ignore the six-month time period mandated in section 2—402. See *Browning*, 163 Ill. App. 3d at 548-49; see also *Froelich*, 240 Ill. App. 3d at 102.

■ We also find that the plaintiffs' attempt to name the O'Neils as party defendants was deficient because neither Dr. O'Neil nor O'Neil Associates had been properly served with the original complaint or a summons for discovery as of June 8, 2007, which was the date on which the six-month period set forth in section 2—402 expired. Service on an individual is achieved (1) by leaving a copy of the summons with the defendant personally, or (2) by leaving a copy at the defendant's usual place of abode with a member of the defendant's family who is at least 13 years of age and informing that person of the contents of the summons, provided that a copy of the summons in a sealed envelope with postage fully prepaid is addressed and mailed to the defendant at his or her usual place of abode. 735 ILCS 5/2—203 (West 2006). A private corporation may be served (1) by leaving a copy of the process with its registered agent or any officer or agent of the corporation found anywhere in the state (735 ILCS 5/2—204 (West 2006)), or (2) by serving the Secretary of State (805 ILCS 5/5.25(a) (West 2006)). A corporation may not be properly served with summons on an agent in his individual capacity. *Capital One Bank, N.A. v. Czekala*, 379 Ill. App. 3d 737, 746, 884 N.E.2d 1205 (2008); *Cleeland v. Gilbert*, 334 Ill. App. 3d 297, 301, 774 N.E.2d 821 (2002).

It is undisputed that Dr. O'Neil was not served until July 11, 2007, more than a month after the expiration of the six-month time period provided in section 2—402. With regard to the service of O'Neil Associates, the plaintiffs contend that the December 2006 summons for discovery was issued against the corporation, but in Dr. O'Neil's name, as president and secretary of the corporation, and was to be served on him "in care of" the registered agent. This contention is not supported by the record. The face of the December 2006 summons for discovery clearly reflects that it was directed against Dr. O'Neil in his individual capacity.

In asserting that service on O'Neil Associates was proper, the plaintiffs rely primarily on *Professional Therapy Services, Inc. v. Signature Corp.*, 223 Ill. App. 3d 902, 585 N.E.2d 1291 (1992), and *Anderson v. Rick's Restaurant & Cocktail Lounge*, 45 Ill. App. 3d 992, 997-98, 360 N.E.2d 465 (1977). We find, however, that these cases are factually distinguishable and not controlling here. In *Professional Therapy Services, Inc.*, only the corporate entity was named as a defendant and the summons directed that service was to be made on the chairman of the corporation "c/o Signature Corporation." On these facts, the court held that service on the corporation was proper where the chairman was served in his capacity as agent for the corporation. *Professional Therapy Services, Inc.*, 223 Ill. App. 3d at 911. In *Anderson*, the court held that service on the corporate defendant was sufficient where the original complaint named the vice-president "doing business as" the corporation and where the summons directed that the vice-president be served in care of Rick's Restaurant & Cocktail Lounge. *Anderson*, 45 Ill. App. 3d at 997-98. The court held that the circuit court correctly allowed amendment of the complaint to correct what amounted to a misnomer. *Anderson*, 45 Ill. App. 3d at 998.

This case does not involve a misnomer. To the contrary, the two entities that the plaintiffs intended to include as respondents in discovery were so designated. Also, there is no indication that the December 2006 summons was directed against Dr. O'Neil in his capacity as an officer or agent of O'Neil Associates or that the plaintiffs sought to achieve service on that entity by serving Dr. O'Neil "in care of" the corporation.

Moreover, even if we were to assume that the summons was directed against the corporation, as opposed to Dr. O'Neil individually, the delivery of the summons to Cree, who was the paralegal and secretary of Merrick Hayes, did not constitute proper service on the corporation. See *Slates v. International House of Pancakes, Inc.*, 90 Ill. App. 3d 716, 725, 413 N.E.2d 457 (1980) (holding that service on the

employee of an agent is inadequate in Illinois, where the employee has not been designated as an agent to receive process), citing *Mason v. Freeman National Printing Equipment Co.*, 51 Ill. App. 3d 581, 583, 366 N.E.2d 1015 (1977) (recognizing that "[n]owhere does [the Code] provide that service can be had on an employee of the registered agent"). Consequently, we reject the plaintiffs' argument that the December 18, 2006, delivery of the summons, naming Dr. O'Neil, on a paralegal in the office of the corporation's registered agent was sufficient to effectuate service on the corporation.

We also reject the plaintiffs' argument that, in determining the sufficiency of service, the court should consider their actions in light of the reasonable-diligence standard applicable under Supreme Court Rule 103(b) (177 Ill. 2d R. 103(b)). The purpose of Rule 103(b) is to protect defendants from unnecessary delay in the service of process and to prevent the circumvention of the statute of limitations. *Segal v. Sacco*, 136 Ill. 2d 282, 286-87, 555 N.E.2d 719 (1990). Thus, Rule 103(b) relates to the timeliness of service and not to the sufficiency of the attempted service. That said, we observe that the plaintiffs' failure to serve either Dr. O'Neil or O'Neil Associates within six months of filing the complaint bolsters the circuit court's decision to terminate their status as respondents in discovery. See *Allen*, 275 Ill. App. 3d at 705.

Because the plaintiffs sought to add the O'Neils as party defendants after the statute of limitations had run, they could do so only pursuant to section 2—402. See *Browning*, 163 Ill. App. 3d at 546, citing *Flores v. St. Mary of Nazareth Hospital*, 149 Ill. App. 3d 371, 376, 502 N.E.2d 1 (1986); see also *Allen*, 275 Ill. App. 3d at 705. The plaintiffs' attempt to join the O'Neils as defendants under section 2—402 was deficient in two respects. Neither Dr. O'Neil nor O'Neil Associates was served with a copy of the original complaint or a summons for discovery. See *Allen*, 275 Ill. App. 3d at 703. In addition, the plaintiffs failed to move to convert the O'Neils to defendants within six months of naming them as respondents in discovery. See *Allen*, 275 Ill. App. 3d at 705. Consequently, we conclude that the circuit court acted correctly in vacating the order that granted leave to amend the complaint and in terminating the status of Dr. O'Neil and O'Neil Associates as respondents in discovery.

For the foregoing reasons, the decision of the circuit court is affirmed.

Affirmed.

KARNEZIS, P.J., and SOUTH, J., concur.