2023 IL App (1st) 210582-U

FIFTH DIVISION
April 21, 2023

No. 1-21-0582

**NOTICE**:  This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 08 CR 17559 |
| DEMARCO PHILLIPS, | ) ) | Honorable Brian K. Flaherty, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE DELORT delivered the judgment of the court.
Justices Lyle and Navarro concurred in the judgment.

**ORDER**

¶ 1    *Held:*    Defendant's notice of appeal from the circuit court's summary dismissal order of his post-conviction petition divested that court of jurisdiction. Accordingly, we vacate the court's subsequent order which vacated the summary dismissal order, and all later orders of the circuit court, including an order granting  the State's motion to dismiss defendant's petition and remand for second-stage proceedings.

¶ 2    Defendant Demarco Phillips appeals from the circuit court's order granting the State's motion to dismiss his *pro se* petition pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2014)). He claims the circuit court lacked jurisdiction to dismiss his petition. We agree, and, accordingly, vacate the court's orders as explained below, and remand for second-stage proceedings on defendant's postconviction petition.

¶ 3                                  BACKGROUND

¶ 4    This court recited the facts underlying defendant's convictions in its order affirming the circuit court on direct appeal. See *People v. Phillips*, 2014 IL App (1st) 112874-U. In short, at defendant's bench trial, Dolton police detective Major Coleman testified he witnessed defendant flee from a vehicle Coleman had stopped for a routine traffic violation. Defendant was holding a firearm. Coleman relayed his location to other officers, and shortly thereafter, Dolton police detectives Graham and Griffin arrived and pursued defendant on foot. During the pursuit, Graham heard a gunshot and saw two flashes while he was 20 feet away from defendant. Eventually, Graham located defendant in the laundry room of an apartment building, a firearm within his reach. After his arrest, defendant provided a statement, in which he admitted to possessing the firearm but insisted it belonged to someone else. The circuit court found defendant not guilty of attempt first degree murder, but guilty of aggravated discharge of a firearm and unlawful use of a weapon by a felon (UUWF). Following a hearing, the court sentenced defendant to concurrent sentences of 15 years' imprisonment for aggravated discharge of a firearm and seven years' imprisonment for UUWF.

¶ 5    On direct appeal, defendant raised multiple challenges to his sentences. This court affirmed. See *Phillips*, 2014 IL App (1st) 112874-U.

¶ 6    On October 2, 2014, defendant filed a *pro se* petition under the Act, claiming ineffective assistance of trial counsel and that the State violated *Brady v. Maryland*, 373 U.S. 83 (1963), by withholding "the 911 dispatch recording."

¶ 7    On March 4, 2015, defendant mailed a motion to appoint counsel, in which he also argued that his postconviction petition should be advanced to the second stage because the circuit court had not summarily dismissed it within 90 days of filing, citing 725 ILCS 5/122-2.1 (West 2014).

¶ 8    At a proceeding on March 27, 2015, the circuit court stated, "PC docketed *** Public Defender appointed." An attorney from the Cook County Public Defender's office then appeared in court on defendant's behalf on at least two occasions: May 15, 2015, and August 14, 2015.

¶ 9    On November 20, 2015, the circuit court entered an order summarily dismissing defendant's petition as frivolous and patently without merit. On December 18, 2015, defendant mailed a notice of appeal from the summary dismissal order.

¶ 10    On March 29, 2016, defendant mailed a letter to the circuit court, in which he asked for "a copy of the notice of appeal I filed December 18, 2015," and continued, "Please give me a status update on the motion I filed December 18, 2015, to reconsider the judge [*sic*] decision." There is no indication in the record, however, that defendant ever filed a motion to reconsider the court's summary dismissal order.

¶ 11    On April 1, 2016, the circuit court entered an order vacating the summary dismissal order. The order states, "It is hereby ordered that the Clerk of the Circuit court correct the computer system entry of [November 20, 2015] for the above matter," and that the November 20, 2015 entry should have simply stated the next court date was April 1, 2016. The petition proceeded to the second stage, with both parties participating without objection.

¶ 12    On August 25, 2017, the assistant state's attorney stated, "There is something screwed up with this case. The Clerk's system awhile ago says it was dismissed at stage 1, when it was actually docketed ***. It was docketed awhile ago. Back in 2015." Counsel continued, "The [Cook County Public Defender's office] thought it was disposed of. *** I talked to them this morning. I let them know it has not disposed of, and that it is still in a stage 2."

¶ 13    The State filed a motion to dismiss the petition on March 15, 2019. On April 30, 2021, the parties argued the State's motion to dismiss, and on May 21, 2021, the circuit court granted the motion. This appeal followed.[1]

¶ 14                                    ANALYSIS

¶ 15    On appeal, defendant's lone claim is that the circuit court did not have jurisdiction to vacate its November 20, 2015 summary dismissal order, and proceed to second stage proceedings on his petition, because his December 18, 2015 notice of appeal divested the court of jurisdiction. Therefore, according to defendant, the court's orders after his notice of appeal were void, and this court should vacate the summary dismissal order (which both parties agree was erroneous), along with the subsequent orders, and remand for second-stage proceedings.

¶ 16    The Act provides a criminal defendant the opportunity to challenge a conviction on the grounds that it violates his constitutional rights under the Illinois or United States constitutions, or both. *People v. Eubanks*, 2021 IL 126271, ¶ 29. A circuit court reviews a petition filed pursuant to the Act in three stages. *People v. Allen*, 2015 IL 113135, ¶ 21. At the first stage, the circuit court may dispose of a petition by entering an order, within 90 days of filing, which declares the petition frivolous or patently without merit. *Id.* If the court does not enter an order within 90 days, the

---

[1] Defendant filed a motion for summary disposition during the pendency of this appeal, which this court denied.

petition is docketed for second stage review, and the circuit court may appoint counsel if the defendant is indigent. See 725 ILCS 5/122-2.1 (West 2014); 725 ILCS 5/122-4 (West 2014).

¶ 17    Defendant's claim centers on whether the circuit court had jurisdiction to vacate its summary dismissal order. The filing of a notice of appeal typically divests a circuit court of subject matter jurisdiction. *People v. Bounds*, 182 Ill. 2d 1, 3 (1998). A circuit court may not enter any substantive orders following the filing of a notice of appeal, and any such orders are void. See *People v. Abdullah*, 2019 IL 123492, ¶ 34. We review *de novo* whether the circuit court had jurisdiction to enter an order. *Id.* ¶ 18.

¶ 18    Here, the circuit court improperly entered a first-stage summary dismissal order after defendant's petition advanced to the second stage because 90 days had elapsed since its filing, a fact which neither party disputes. Additionally, the record is clear that the circuit court entered its order to vacate summary dismissal on April 1, 2016, months after it lost jurisdiction due to defendant's December 18, 2015 notice of appeal. See *Bounds*, 182 Ill. 2d at 3. Accordingly, we hold that the court's April 1, 2016 order, and all subsequent orders, including the May 21, 2021 order granting the State's motion to dismiss, are void for lack of jurisdiction and must be vacated. Moreover, because the court's summary dismissal order was erroneous, we vacate that order as well, and remand for second-stage postconviction proceedings.[2]

---

[2] We note that the State contends the orders after November 20, 2015, were collateral to the substantive ruling, meaning the circuit court could retain jurisdiction to enter them, regardless of defendant's December 18, 2015 notice of appeal. See *General Motors Corp. v. Pappas*, 242 Ill. 2d 163, 173-74 (2011). This argument fails because while the continuance orders were not themselves substantive, they were in service of scheduling the hearing on the State's motion to dismiss, which the court then granted by making substantive findings on whether the petition made a substantial showing of a constitutional violation.

¶ 19    We note that we may vacate the summary dismissal here even though defendant only listed the circuit court's May 21, 2021 order in the notice of appeal because that order was part of the procedural progression from the summary dismissal order. See *In re Jamari R.*, 2017 IL App (1st) 160850, ¶ 41 (citing *Burtell v. First Charter Service Corporation*, 76 Ill. 2d 427, 434-35 (1979) (appellate court jurisdiction extends to orders in a procedural progression leading to the order appellant specified in the notice of appeal)). The summary dismissal order, and all subsequent orders up to and including the grant of the State's motion to dismiss, were steps in the same process—the circuit court's consideration of whether defendant should receive a third-stage evidentiary hearing regarding his postconviction petition. See *People v. Ruddock*, 2022 IL App (1st) 173023, ¶ 57.

¶ 20    The State advances multiple theories as to why the circuit court's April 1, 2016 order (and the subsequent orders) are not void, specifically (1) that a circuit court has the inherent authority to vacate its own orders, (2) defendant filed a postjudgment motion simultaneously with the December 18, 2015 notice of appeal, rendering the notice ineffective; and (3) the revestment doctrine obviates any jurisdictional issues.

¶ 21    The first argument fails because that legal maxim simply does not apply; the issue here is whether the court lost jurisdiction before it attempted to exercise its inherent authority. See *Abdullah*, 2019 IL 123492, ¶ 34.

¶ 22    The State next argues that the record suggests defendant filed a motion to reconsider the circuit court's summary dismissal order simultaneously with his notice of appeal, and as such, the notice of appeal had no effect while the motion to reconsider was pending, per Illinois Supreme Court Rule 606(b) (eff. Jan. 1, 2023).

¶ 23    Rule 606(b) states, in relevant part, "When a timely posttrial or postsentencing motion directed against the judgment has been filed *** any notice of appeal filed before the entry of the order disposing of all pending postjudgment motions shall have no effect and shall be stricken by the trial court." Ill. S. Ct. R. 606(b) (eff. Jan 1, 2023). We agree with the State that had defendant filed such a motion, his December 18, 2015 notice of appeal would have had no effect until that motion's resolution. Unfortunately for the State, the record is clear that defendant never filed a postjudgment motion. The docket contains no mention of a motion to reconsider. A copy of the motion, or any document related to it, are also absent from the record. The only mention of such a motion is in defendant's March 29, 2016 letter to the circuit court, which has no legal effect. A litigant's reference to a motion that he intended to file, but never did, cannot be considered as a filed motion by a reviewing court. See *Knapp v. Bulun*, 392 Ill. App. 3d 1018, 1027-1028 (2009). Contrast this to the December 18, 2015 notice of appeal, which appears on the docket, and in the record with a court stamp. The only conclusion we can draw from the record on appeal is defendant did not file a postjudgment motion, and accordingly, the December 18, 2015 notice of appeal divested the court of jurisdiction.

¶ 24    The State contends that because it is the appellant's responsibility to provide a complete record, and a reviewing court must construe any deficiency in the record against the appellant, we should find that defendant filed a postjudgment motion based on his letter, then construe the motion's absence from the record against him. See *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). This argument must fail because there is no indication that something is absent from the record which we could then construe against defendant. Instead, the record is clear that defendant never filed a motion to reconsider, even if we read defendant's letter as suggesting his intent to have done so. Finally, the State argues that the fact that the clerk apparently did not transmit the

notice of appeal to the appellate court suggests a motion to reconsider was filed, but this amounts to pure speculation.

¶ 25    The State's final argument is that we should apply the revestment doctrine to find the circuit court regained jurisdiction after defendant's December 18, 2015 notice of appeal due to the parties' conduct. The revestment doctrine is an exception to the general rule that a circuit court loses jurisdiction over a matter 30 days after the entry of final judgment. *People v. Bailey*, 2014 IL 115459, ¶ 8. A court may apply the revestment doctrine only when proceedings occur after 30 days have elapsed from a final judgment, and both parties, "(1) actively participate in the proceedings; (2) fail to object to the untimeliness of the late filing; *and* (3) assert positions that make the proceedings inconsistent with the merits of the prior judgment and support the setting aside of at least part of that judgment." (Emphasis in original.) *Id.* ¶ 25. Reviewing courts have only applied the doctrine when the circuit court loses jurisdiction due to the lapse of 30 days after a final judgment. *Wierzbicki v. Gleason*, 388 Ill. App. 3d 921, 928 (2009).

¶ 26    We hold that application of the revestment doctrine is inappropriate here. First, the circuit court did not lose jurisdiction because 30 days elapsed from a final judgment; it lost jurisdiction because defendant filed a timely notice of appeal. In considering this exact scenario in *Wierzbicki*, this court held that the revestment doctrine should *not* apply when the circuit court loses jurisdiction because a party filed a timely notice of appeal. *Id.* at 927-930. The *Wierzbicki* court explained that this is because any circuit court order entered after that court loses jurisdiction is void, and "a party may challenge a void order at any time and [this] claim may not be waived." *Id.* at 930 (citing *People v. Brown*, 225 Ill. 2d 188, 195 (2007)). Furthermore, even if the revestment doctrine could theoretically apply to this situation, the elements would not be satisfied because the State's conduct was not inconsistent with the merits of the summary dismissal order. See *Bailey*,

2014 IL 115459, ¶ 25. Instead, the State filed a motion to dismiss in which it echoed the circuit court's reasoning for summarily dismissing the petition.[3]

¶ 27      We acknowledge that remand may be a frustrating outcome here. Defendant does not argue his underlying claims are meritorious, and there have already been years of second-stage proceedings we must now declare void. As explained above, however, the law demands this outcome. Furthermore, upon remand, postconviction counsel will have the opportunity to review the petition and amend if appropriate, meaning the second stage proceedings may not be identical to the previous, voided proceedings. See *People v. Cotto*, 2016 IL 119006, ¶ 27.

¶ 28                                            CONCLUSION

¶ 29      Defendant filing of a timely notice of appeal from the circuit court's erroneous summary dismissal order divested the circuit court of jurisdiction. Accordingly, we vacate the court's November 20, 2015 summary dismissal order, and all subsequent orders in this matter, and remand for second-stage proceedings.

¶ 30      Vacated and remanded.

---

[3] The State also argues that we should only consider whether its conduct was inconsistent with the finality of the judgment at issue, not the merits, citing *People v Salcedo*, 2011 IL App (1st) 083148, ¶ 28. *Bailey*, however, directly refutes this interpretation of the revestment doctrine. *Bailey*, 2014 IL 115459, ¶¶ 18 to 25.